BELTON COMPRESS CO. V. BELTON BRICK MFG. CO.

(Case No. 5520.)

1. PRINCIPAL AND AGENT.— An agent with power to sell and receive payment
for his principal cannot, in general, compound with his principal's debtor,
and receive payment by canceling his own debt, unless the power be con-
ferred, or results from the general usage of the business, or the habits of
dealing between the parties.

APPEAL from Bell.    Tried below before the Hon. B. W. Rimes.

This suit was by the Belton Brick Manufacturing Company against the appellant, to recover for the value of certain brick sold to appellant by appellee, through appellee's agent, one Butler. The suit was to enforce a lien claimed by reason of the use of the brick by appellant in constructing its works, which lien seems to have been fixed under the statute.

J. P. Reed testified that "he was general manager for defendant when the brick were ordered;" that he "ordered the brick from Geo. J. Butler;" that he "knew at the time that Butler was agent or manager for plaintiff; that plaintiff had a brick-yard near Belton; supposed the bricks furnished by Butler came from plaintiff's yard." "Had, in Butler's absence, ordered some of the brick from Geo. W. Tyler, secretary and treasurer of plaintiff." Reed, as manager for defendant, settled for the brick by giving Butler a draft for $337.73 on Embree, treasurer of defendant. Embree took up the draft issued by Reed, and issued Butler a receipt as follows: .

"No. 91.                    BELTON, TEXAS, Sept. 24, 1883.

"Received of Geo. J. Butler three hundred and thirty-seven and seventy-three one-hundredths dollars. This amount has been paid in brick.                    THE BELTON COMPRESS COMPANY.

(Signed)                              "J. W. EMBREE,

"Treasurer Belton Compress Co."

Butler testified that, when he settled up with plaintiff, he turned this receipt over to plaintiff as assets of plaintiff; he "indorsed it in blank and handed it to G. W. Tyler, secretary and treasurer of plaintiff, who kept it, and I considered the matter settled so far as I was concerned." G. W. Tyler testified that he (being secretary and treasurer of plaintiff) paid for the hauling of the brick sued for from the brick-yard to the compress at $1.25 per thousand; that Butler had subscribed for stock in the Compress Company and wanted plaintiff to take the subscription off of his hands and let these brick go in as a credit thereon, to which he (Tyler) protested and refused on the part of plaintiff; and when, about October 13,

1883, Mr. Butler sold and transferred his stock in plaintiff company to O. T. Tyler, and Butler and witness were settling up Butler's affairs as business manager (which position he thereafter ceased to fill), this account was standing open on the books against the Compress Company; and witness insisted that Butler should close it up with the Compress Company, whereupon Butler, then or soon after, produced the above receipt and offered it to witness in settlement of the Compress Company's account, but which witness refused to accept, and so stated to Butler. Butler said it was no use to him, indorsed it in blank, and handed it to witness, in whose possession it has been ever since, no ownership or right ever having been claimed under it.

Butler had subscribed *individually* to $1,000 worth of the capital stock of the defendant Compress Company (which Butler, however, claimed was a mistake, and that he intended it for $100), and the testimony of Butler, Reed and Embree was to the effect that plaintiff's brick were applied to said $1,000 subscription by Butler, no consent to, nor ratification thereof, by plaintiff being alleged or proven.

*Harris & Saunders*, for appellant.

*Geo. W. Tyler*, for appellee.

Willie, Chief Justice.— An agent with power to receive payment is not, in general, clothed with authority to compound the debt or commute it for something else, as, for example, his own debt; but can only receive it in money, unless his particular employment confers the authority, or it can be implied from the general usage of business, or the habits of dealing between the parties. McAlpin *v.* Cassidy, 17 Tex., 450; Robson *v.* Watts, 11 Tex., 764.

There is nothing in the evidence in this cause to show any authority in Butler to receive payment for the brick sold by him, as agent of the appellee, to the appellant company, by having a credit entered to the amount of the value of the brick upon a debt due by him to the latter company.

His particular employment conferred no such authority, and it could not be implied from the general usage of the appellee's business or its habits of dealing.

The settlement made by Butler with the Compress Company was not ratified, but was protested against and repudiated. The receipt was not accepted under any claim of ownership of any portion of

Butler's stock, nor did its indorsement in blank by Butler convey to the appellee any right or interest whatever in the stock. No estoppel is set up in the answer of appellant, and if it had been alleged it was not proved.

The Compress Company was not induced to change its position by any statement or conduct of the appellee, and no injury is shown to have been apprehended or suffered by the appellant from any act done by the appellee. Thomas v. Groesbeck, 40 Tex., 536.

There is no error in the judgment of the court below, but it is not apparent from the record that the appeal was taken for delay. The judgment will therefore be affirmed without damages.

Affirmed.

[Opinion delivered June 5, 1885.]