## CLARA A. GREEN v. O. G. HUGO.

### No. 7015.

**1. Power to Sell Land of Private Corporation.** — A private corporation by resolution authorized certain named persons "to make contracts of sale of the land of the company," the president of the company being in same resolution authorized to execute title bonds to purchasers. Subsequently the power to sell was withdrawn from all but one of the persons named in the former resolution. He executed a deed to his wife in name of the corporation, reciting the payment of the purchase money. The husband and wife joined in a deed for the land, the wife duly acknowledging the same, to a purchaser the vendor of the plaintiff. The plaintiff also claimed title under possession for over three years under said chain as color of title. *Held:*

1. The agent to contract for sale did not have power to bind the corporation by deed for the land.

2. A deed by husband to his wife is to some extent to himself, as the revenues from the property are community, and as an agent to sell can not sell to himself he could not sell to his wife.

3. One dealing with an agent, or claiming title through a deed made by an agent of a corporation, is chargeable with notice of the power or want of power of such agent to bind the corporation.

4. The chain of title exhibited by the plaintiff showed that the agent for the corporation had deeded the land to his wife, and so of the vice in the deed.

5. The agent having no power to sell, his recital that the purchase money was paid did not bind the company.

6. It not appearing that anything was paid, the deed will not be enforced as a contract for sale of the land.

2. **Limitation of Three Years — Color of Title.**—Where one link in the chain of title under which possession had been held for over three years showed on its face that the agent making the deed had no power to do so and is void, such possession is not *under color of title* and does not mature the imperfect title into a good title.

3. **Practice on Appeal.**—The plaintiff below in an action of trespass to try title not exhibiting title and appealing, defects in the defendant's case will not be revised.

APPEAL from Frio. Tried below before Hon. D. P. Marr.

The opinion states the case.

*Wm. S. Temple,* for appellant.—1. The adverse possession of G. Martin under a written title—having a part of the land inclosed and using all of it—was adverse possession of the entire tract of land described in such written title. Craig v. Cartwright, 65 Texas, 413; French v. McGinnis, 69 Texas, 19; Richards v. Smith, 67 Texas, 610; McDow v. Rabb, 56 Texas, 154; Wood on Lim., sec. 267.

2. The deed or contract of sale to Hannah Jones, if fraudulently made, was such title or color of title that, coupled with Martin's three years adverse possession under it, barred any right or title the Leona Irrigation and Manufacturing Canal Company or assigns had to the land in controversy. Charle v. Saffold, 13 Texas, 94; Pearson v. Burditt, 26 Texas, 157; Webster's Dic., titles "Intrinsic" and "Extrinsic."

3. The deed to Hannah Jones, excluded by the trial court as an absolute conveyance, but admitted as an executory contract of sale, was made by an agent of said company who was duly authorized to execute deeds by the resolutions of the board of directors of the Leona Irrigation and Manufacturing Canal Company, of date May 8, 1877, and September 11, 1877.

4. Jones as vice president was authorized to execute the deed to Hannah Jones for the company, and the recital in said deed as to other sources of authority did not thereby prevent the deed from being valid. Catlett v. Starr, 70 Texas, 485; Link v. Page, 72 Texas, 592.

5. The resolutions referred to, though not under seal, authorized Jones to convey the lands of the corporation. [See opinion.] Mech. on Agency, secs. 97, 98; Mora. on Priv. Corp., sec. 338.

6. A corporation in this State, acting by an agent duly authorized, can convey lands without the use of a seal, and the fact that the deed from the Leona Irrigation and Manufacturing Canal Company did not have the corporate seal on it did not invalidate it as a legal conveyance. Rev. Stats., arts. 4487, 4488; Foster v. Champlin, 29 Texas, 22; Gano v. Palo Pinto County, 71 Texas, 99; Phillips' Mech. Liens, sec. 80; Mora. on Priv. Corp., sec. 338, and cases cited.

7. Jones was authorized to receive the purchase money on sales made by him as an incident of his power to sell, and was also author-

ized to receive it in his position as vice president, director, and general manager of the Leona Irrigation and Manufacturing Canal Company, and his receipt of the purchase money in the deed to Hannah Jones was binding upon it. Whart. on Agency, sec. 191; Story on Agency, sec. 79; Field on Corp., secs. 189, 190.

8. The court erred in its finding of fact and in its conclusions of law that Shadrach Green was put upon notice by the recitals in his own deed and in the prior deeds in his chain of title that the deed to Hannah Jones of date April 27, 1878, from the Leona Irrigation and Manufacturing Canal Company, was made by an agent to his wife, because in none of the deeds in said Green's chain of title is there any recital to the effect that Hannah J. Jones was the wife of C. J. Jones, or was in any way related to him.

9. In order to charge a purchaser for value with constructive notice of a fact by means of a recital in a deed in his chain of title, it is essential that such recital should itself state the fact sought to be brought to the knowledge of such purchaser. Taylor v. Harrison, 47 Texas, 454; Burch v. Carter, 44 Ala., 115; White v. Carpenter, 2 Paige, 217, 249.

10. Trust property after it has passed from the possession of the fraudulent trustee into the hands of third parties can not be recovered from such third parties unless notice of such trust was brought home to such purchasers. This notice must be so clear, positive, and unequivocal that if the purchaser should disregard it and buy the land his act in so doing would amount to fraud. Wethered v. Boon, 17 Texas, 143; Cameron v. Romele, 53 Texas, 239; Parker v. Conner, 93 N. Y., 118; 2 Dev. on Deeds, secs. 732, 746, 747; Monks v. McGrady, 71 Texas, 134.

*J. A. & N. O. Green* and *L. C. Grothaus,* for appellee.—1. The lands in controversy were the property of the Leona Irrigation and Manufacturing Canal Company, a corporation, and C. J. Jones had no authority from said corporation other than to make a contract for sale or to negotiate for the sale of the land of the company, and was without power to receive the purchase price or to make conveyances of the land. Rev. Stats., art 600; Reese v. Medlock, 27 Texas, 123; Dev. on Deeds, sec. 363; Mech. on Agency, secs. 306, 321, 324, 318.

Written power construed strictly as to agent to sell only: Mech. on Agency, sec. 308; Whart. on Agency, sec. 187, note 5.

Power limited: Foote v. Dutcher, 3 Green (N. J. Eq.), 401; Dupont v. Wertheman, 10 Colo., 368.

2. The resolution giving authority to Jones to make contracts was limited in its scope to his making negotiations for sale of the land of the corporation for the benefit of the corporation.

3. The execution of the deed by C. J. Jones, as agent, to Hannah J. Jones was not sufficient in form as a conveyance from the corporation, and it was not entitled to registry. Rev. Stats., art. 600; Catlett v. Starr, 70 Texas, 485; 1 Dev. on Deeds, sec. 468.

4. The act of C. J. Jones as pretended agent of the corporation in making sale or deed to Hannah J. Jones was not only in excess of authority, but was fraudulent and without consideration and made for his own benefit, and was not binding upon the company either at law or in equity; and all persons claiming title through Hannah J. Jones and Mary Long had, by the recitals of the deeds and acknowledgments thereto, notice of the vice in said conveyances and the want of authority to bind the corporation.

An agent dealing with a third person, the third person is bound to inquire. Whart. on Agency, secs. 137–139.

Extraordinary pretensions to be scrutinized by third party. Whart. on Agency, sec. 139.

Third person in case of written power must notice the limits of agent's power. Whart. on Agency, sec. 132.

Formal or regular written power strictly construed. Mech. on Agency, sec. 308.

Powers limited by specific object or recital. Mech. on Agency, sec. 306.

Fraud of agent revokes authority. Case v. Jennings, 17 Texas, 661.

Power of sale does not authorize gift or payment of agent's debts. Mech. on Agency, secs. 326, 331.

Must transact business in usual course, and no right to receive anything but money. Robson v. Watts, 11 Texas, 764.

Agent has no authority to commute his own debt. McAlpin v. Cassidy, 17 Texas, 462.

Can not purchase from himself as agent. Shannon v. Marmaduke, 14 Texas, 217.

As to power to bind principal where the act is not for benefit of principal, but for the private benefit of agent himself or third person. Mech. on Agency, sec. 307; Mora. on Priv. Corp., secs. 517, 523, 579.

Corporation has absolute right to repudiate such transactions. Mora. on Priv. Corp., sec. 522.

A trustee has the legal title, hence a conveyance necessitates a resort to equity. Mora. on Priv. Corp., sec. 523.

But in Texas it is held that a trustee having power to sell, selling to himself does not divest title of cestui que trust. Everett v. Henry, 67 Texas, 404.

Officers of corporations are their agents, hence corporations are not bound by unauthorized acts either at law or in equity. Mora. on Priv. Corp., sec. 523.

Rule applicable where powers are used by agents for their personal advantage.  Mora. on Priv. Corp., sec. 523, note 2.

Such contracts may be ratified, but ratification must be expressly shown.  Mora. on Priv. Corp., sec. 524; Pridgen v. Adkins, 25 Texas, 395.

But are said to be void because there was no authority to make the contract, hence no consent thereto.  Mora. on Priv. Corp., sec. 524.

GAINES, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought by appellant to recover of appellee three tracts of land patented to the Leona Irrigation and Manufacturing Canal Company, a private corporation.  The plaintiff claimed title both by a chain of conveyances from the original grantee and by the statutes of limitation of three years.  In a supplemental petition she alleged that she claimed under a certain instrument purporting to be a deed executed by one C. J. Jones, as agent of the corporation, to Hannah J. Jones, and averred that if it was not good as a deed it was a valid contract for the conveyance of the land, and prayed for a specific performance.

The plaintiff's chain of title as shown by the evidence disclosed:

1.   A resolution of the board of directors of the Leona Irrigation and Manufacturing Canal Company, of which the following is a copy:

"May 8, 1877.  That the directors of this company, to-wit, W. H. Young, Wm. Heuermann, and C. J. Jones, and Hugh F. Young, agent of said company, be and each of them are hereby empowered and authorized to make contracts of sale of the land of the company, and the president is hereby authorized and empowered to make, execute, and deliver in the name of the company a bond for title to the purchaser or purchasers thereof, upon he or they paying one-half cash and executing his or their note for the balance of the purchase money, said bond to be conditioned that a good and sufficient warranty deed shall be made and delivered on payment of said note."

2.   A resolution of the same board, dated September 11, 1887, withdrawing the power granted by the former resolution to Heuermann, W. H. Young, and H. F. Young to make contracts of sale of any land of the corporation, which Jones was attempting to sell.  This resolution did not enlarge Jones' powers.

3.   A purported conveyance from the corporation, signed by C. J. Jones as agent and attorney in fact, to Hannah J. Jones of 11,520 acres of land, including those in dispute, for the consideration of $11,777.77, recited to have been paid by the grantee.

4.   A deed from C. J. Jones and Hannah J. Jones to Mary Long conveying the land in controversy.  This deed was acknowledged by the grantors as husband and wife, and the certificate is in form sufficient to convey the separate property of a married woman.

5.· A deed, dated April 23, 1888, from Mary Long to Shadrach Green conveying the land in controversy. The plaintiff proved that Shadrach Green was dead and that she was his surviving wife and sole heir.

The first question for determination is, Did the purported deed executed by Jones, as agent and attorney in fact, to his wife convey any right and title to her? It is clear that the resolution of May 8, 1877, conferred no authority on Jones to convey any land of the company. It may therefore be admitted for the purposes of the argument that the corporation could have empowered him or any other agent to convey its lands, although our statute in relation to private corporations as well as the by-laws of the company introduced in evidence conferred that power upon its president alone. The resolution authorized Jones only to make a contract of sale, and by clear implication withheld from him authority either to receive the consideration or to make bond for title. It is apparent, therefore, the pretended deed executed by him to his wife did not take effect as a conveyance, and we are of opinion that it can not be treated as a contract to convey. There was no proof that any consideration was paid for the land. The testimony of the defendant tended to show that none in fact was paid. The treasurer testified that no money was ever received by him for the land, and both Jones and wife were shown to be insolvent at the date of the attempted conveyance. Not being authorized to receive the consideration, the recital in the pretended deed of the payment of the purchase money was about a matter beyond the scope of his authority, and is not evidence against the company or any one holding under it.

But even if Jones had had the power to sell and convey the company's lands, he was not authorized to convey them to his wife. If the intention had been to make them her separate property, the income would have belonged to the community, and he therefore had a direct personal interest in the transaction. An agent can not either directly or indirectly sell to himself. The pretended conveyance stands therefore as if it had been executed by one having no authority whatever.

It follows from the conclusion just announced that the plaintiff can not successfully maintain that her husband was a bona fide purchaser without notice. One who claims under a contract executed by an agent is bound to know the extent of the agent's authority, unless he has been held out by his principal as having powers which have not in fact been conferred. Fitzhugh v. Franco-Texan Land Co., ante, 306. Besides, the certificate of acknowledgment to the deed from C. J. Jones and Hannah Jones to Mary Long showed that they were husband and wife, and we think it was sufficient to give notice of the fact to all persons claiming under that instrument. If Green knew that Hannah Jones was the wife of C. J. Jones, he is affected with notice that Jones could not as agent convey his principal's property to her. It is clear

therefore that neither the plaintiff's husband nor any one under whom he claimed was an innocent purchaser.

We are also of opinion that the plaintiff failed to make out title under the statutes of limitation of three years. A pretended conveyance or contract of sale by one who assumes to act as agent of another, but who is in fact without authority, is void, and does not constitute such color of title as will confer ownership or preclude a recovery under the statutes of limitation of three years. Thompson v. Cragg, 24 Texas, 582; Veramendi v. Hutchins, 48 Texas, 541; Leage v. Rogan, 59 Texas, 427.

Our conclusions upon the questions discussed dispose of the appeal. The plaintiff wholly failed to show title, and the facts proved admitted of no proper disposition of the case except a judgment for the defendant. A discussion of the numerous assignments of error is unnecessary. It is especially useless to consider the questions raised upon the defendant's title. The plaintiff could recover only upon the strength of her own, and not upon the weakness of her adversary's claim.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered June 19, 1891.