# MARCH, 1906.

### F. M. GILBOUGH ET AL. v. J. H. RUNGE.

#### No. 1514. Decided March 1, 1906.

**Vendor's Lien—Superior Title—Recovery of Land by Vendor—Limitation.**

Purchasers of land from a vendee of same were bound to take notice of the terms of the deed from his vendor which reserved an express lien for the purchase money, though it was unrecorded; and their holding in ignorance of the vendor's claim was not such adverse possession as would support limitation against his suit to recover the land after the debt was barred, being consistent with and not a repudiation of his rights. (Pp. 542, 543.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Tarrant County.

Runge sued Gilbough and others, vendees of the latter, to foreclose a vendor's lien, and, on limitation being pleaded to the notes, amended seeking recovery of the land, to which action Gilbough's vendees pleaded limitation. A judgment for defendant was reversed and rendered in favor of Runge on his appeal, and appellees obtained writ of error.

*McLean & Scott,* for plaintiffs in error.—The Court of Civil Appeals erred in holding that the possession of plaintiffs in error was not adverse to defendant in error, H. J. Runge, and that the unrecorded deed from Runge to Gilbough was an essential link in the chain of title of plaintiffs in error. Because the evidence clearly shows the possession of plaintiffs in error was adverse (the trial court so found) to Runge, and the deed of Runge to Gilbough was no link in the chain of title of plaintiffs in error. Cole v. Grigsby, 89 Texas, 223; Grigsby v. May, 84 Texas, 240; Hale v. Baker & Rice, 60 Texas 217; Keys v. Mason, 44 Texas, 144; Roosevelt v. Davis, 49 Texas, 463; Robertson v. Wood, 15 Texas, 1; Wingate v. Wingate, 11 Texas, 430; Turner v. Smith, 11 Texas, 620; Udell v. Peak, 70 Texas, 547; Hintze v. Koabbenschmidt 44 S. W. Rep., 38.

Can plaintiffs in error be forced to rely upon any chain of title in this case other than the deed from Gilbough to them, and upon the five years statute of limitations? If plaintiffs in error had purchased (ignorantly or otherwise) from a stranger to the Runge title, and had been in possession of the land in controversy for more than five years, with their deeds duly registered, etc., as the facts show in this case, would they not have a good title to the land in controversy? We take it no court can answer this question in the negative.

We do not contend that a party can cunningly obtain possession of land from the owner and afterwards avail himself of the statutes of limitations without notifying the owner thereof of his repudiation of

the title, but we do contend that a party may purchase land from whomsoever he pleases and if he remains in peaceable and adverse possession thereof, without deceiving any one, with his deed duly recorded, paying taxes thereon, using and enjoying the same, etc., that he can avail himself of the statutes of limitations.

We know of no case holding that the vendee can not avail himself of the statute of limitations, unless he had either actual or constructive notice of the recitals in the deeds between his vendor and the original vendor. Defendant in error is certainly guilty of negligence by not asserting his right to rescind the contract between him and Gilbough for more than ten years after the maturity of his notes.

*J. G. McGrady,* also for plaintiff in error.—Whether a subvendee can plead limitation against a remote vendor in the absence of actual and personal knowledge to such vendor of the adverse holding, is a serious question, an open question in this state, so far as our investigation has discovered. In support of contention of plaintiffs in error, we cite Robertson v. Wood, 15 Texas, 1; Boone v. Chiles, 10 Peters, 223; Hunter v. Parsons, 2 Bailey, S. C., 59; State v. Conner, 69 Ala., 212; Tayloe v. Dugger, 66 Ala., 444.

*Wm. J. Berne,* for defendants in error. In an executory contract for sale of land, the vendee is entitled to possession of the land. Wright v. Thompson, 14 Texas, 561; Jones v. Hutchinson, 21 Texas, 376; Whitehead v. Fisher, 64 Texas, 642.

The vendee, in an executory contract for sale of land, is entitled to retain possession of the land until vendor has disaffirmed the contract, after breach by vendee; or, until vendor has foreclosed his lien and the land has been sold under the judgment of foreclosure. Jones v. Hutchinson, 21 Texas, 376; Whitehead v. Fisher, 64 Texas, 642.

In an executory contract for the sale of land, where the purchase money notes have not been paid and are barred by limitation and the vendor has not disaffirmed the contract, the possession of the vendee can not become adverse to the vendor until, (1) the vendee has repudiated the title acquired from the vendor; and, (2) the vendee has put the vendor on notice that he is holding and claiming the land adversely to him. Johnson v. Lockhart, 16 Texas Civ. App., 32; Keys v. Mason, 44 Texas, 144; Goodwin v. Markwell, 19 So. Rep., 885.

. Registration of a deed is constructive notice only to those who subsequently have acquired, from the grantor in said deed, some interest or right in the property. Ward v. League, 24 S. W. Rep., 988; Lumpkin v. Adams, 74 Texas, 102; Jenkins v. Adams, 71 Texas, 4; Rev. Stat., art. 4652; White v. McGregor, 92 Texas, 557; Smith v. Smith, 55 S. W., 545; Neyland v. Texas, etc., Co., 64 S. W., 698; Hill v. Harris, 64 S. W. 823; Fullenwider v. Ferguson, 70 S. W., 222; Oppenheimer v. Robinson, 87 Texas, 174; Frank v. Heidenheimer, 84 Texas, 644; Mitchell v. Simmons, 53 S. W. Rep., 76.

Recitals in an unrecorded deed in one's chain of title, or with which one is in privity, are notice to him of the facts therein set out. 2 Pomeroy's Equity (3d ed.), sec. 626 and notes; Peters v. Clements, 46

Texas, 114; Jackson v. Elliott, 49 Texas, 62; Bryan v. Crump, 55 Texas, 1; Graham v. Hawkins, 1 Posey, U. C., 514; Moore v. Scott, 38 S. W. Rep., 394; Willis v. Gay, 48 Texas, 469; Dean v. Hudson, 1 Posey, U. C., 365; Harris v. Masterson, 91 Texas, 171; Renick v. Dawson, 55 Texas, 109; Graves v. State, 31 Texas Cr. Rep., 66; Christian v. Hughes, 12 Texas Civ. App., 623; Spencer v. Jones, 92 Texas, 516; Waggoner v. Dodson, 73 S. W. Rep., 517; Robertson v. Guerin, 50 Texas, 317; Torrey v. Martin, 4 S. W. Rep., 643; Bergman v. Blackwell, 23 S. W. Rep., 243; Caruth v. Grigsby, 57 Texas, 263; Elmendorf v. Beirne, 4 Texas Civ. App., 190; Ufford v. Wells, 52 Texas, 620; Reichert v. Neuser, 67 N. W. Rep., 939.

If the original contract of sale be executory, the rule that governs adverse possession between vendor and vendee also applies between such vendor and a purchaser from the vendee. Keys v. Mason, 44 Texas, 140; Beaty v. Clymer, 32 Texas Civ. App., 322; 3 Pomeroy's Equity (3d ed.), secs. 1253, 1258 and notes; Pearson v. Boyd, 62 Texas, 541; Roosevelt v. Davis, 49 Texas, 463; Hannibal & St. J. Ry. Co. v. Miller, 21 S. W. Rep., 915; Hawkins v. Dearing, 19 S. E. Rep., 717; Brown v. Huey, 30 S. E. Rep., 429; Quinn v. Quinn, 27 Wis., 168; Jackson v. Bard, 4 Johns, 230; Fulkerson v. Brownlee, 69 Mo., 371.

BROWN, Associate Justice.—On the 19th day of March, 1889, H. J. Runge, being the owner of the land in controversy, conveyed it to F. M. Gilbough by warranty deed for a cash consideration, which was paid, and for two notes each for the sum of $525.00, due respectively in one and two years. The deed expressly retained the vendor's lien to secure the payment of the two notes and each note recited that it was for part of the purchase money of the land. The deed showed the residence of Gilbough and Runge to be in Galveston County. The land was situated in Tarrant County, but the deed from Runge to Gilbough was never recorded in that county.

Before the notes fell due each of them was extended for one year by agreement between Gilbough and Runge. Gilbough never paid any part of the principal of the notes, but paid the interest each year until 1898, since which time no interest was paid. After the notes fell due, Runge demanded each year the payment of them, when Gilbough would state to him that he had not sold the land but would pay him as soon as the land was sold, and induced Runge not to sue to foreclose his lien.

The land consisted of two tracts, one containing 97.4 acres and the other 40 acres. For several years Gilbough rented the 97.4 acres to H. W. Bailey, and rented the 40-acre tract to M. W. Hampton. On August 31, 1894, Gilbough sold the 40 acres to Hampton and conveyed it to him by warranty deed which was duly recorded, and Hampton went into the actual possession of the land and held peaceable, adverse and continuous possession of it, cultivating, using and paying taxes on it down to the institution of this suit. On October 30, 1894, Gilbough sold the 97.4 acre tract to Bailey and made him a warranty deed therefor, which was duly recorded, and Bailey went into possession of the land. This tract of land has by regular conveyances passed through a number of persons down to Louisa M. Hayes and her husband, S. W.

Hayes. All of the deeds in the chain of title were regularly recorded, each person to whom the land was conveyed took immediate actual, peaceable, adverse possession of the same and paid taxes on it down to the institution of this suit. When Bailey and Hampton bought they did not know from whom they purchased, the land being sold to them by a railroad agent at a station near where they lived, he being the same person who had rented the land to them for Gilbough. Neither Bailey nor Hampton examined or caused the records of the county to be examined to ascertain anything about the title—they did not see the deed from Runge to Gilbough nor did they know its contents.

At the time of the institution of the suit to foreclose the lien of the notes upon the land, Runge did not know that Gilbough had sold it to any one or that any person was in the actual possession of it. Suit was first brought upon the notes against Gilbough, making Hampton and Hayes and wife parties, and all of the parties pleaded limitation against the notes, whereupon Runge filed an amended petition in which he sought to recover the land, to which the defendants, Hampton and Hayes and wife pleaded the five years statute of limitations. The case was tried without a jury and judgment rendered that Runge take nothing by his suit, which judgment was by the Court of Civil Appeals reversed and judgment rendered in favor of Runge against all of the defendants.

When Runge conveyed the land to Gilbough, reserving a lien in the deed, the vendee acquired the right of possession and the right to transfer his possession and such title as he had to his vendees Bailey and Hampton, who, however, could acquire no greater right against Runge than Gilbough himself had. The title of Bailey and Hampton was held by them in subordination to the right reserved by Runge in the deed to Gilbough, and Bailey and Hampton were bound to take notice of the terms of the deed under which Gilbough held although it was not recorded and they actually knew nothing of it. Spencer v. Jones, 92 Texas, 519; Flewellen v. Cochran, 19 Texas Civ. App., 499; Clark v. Adams, 80 Texas, 674; Roosevelt v. Davis, 49 Texas, 472.

If we assume that Runge knew that Gilbough had sold the land to Bailey and Hampton, and that they were in possession, cultivating and improving it, we have the strongest case against Runge that the evidence will support. What is there in this state of facts to notify Runge that Gilbough's vendees were holding and claiming the land adversely to him? In making the false representation that he had not sold the land, Gilbough did not repudiate the contract between him and Runge, but, on the contrary, affirmed it by promising to perform it in the future, and such false statements do not militate against Runge's right of recovery. In taking possession of the land and improving it, paying the taxes upon it and exercising absolute ownership over it, plaintiffs in error did not in any sense repudiate the superior title which remained in Runge, because every act that they did was consistent with Runge's rights as they were expressed in the deed to Gilbough. Hampton and Bailey and those who claim under the latter, had a right to the absolute possession of the land; they had a right to improve it and it was their duty to pay the taxes. The evidence does not show an act

of any one of the claimants that he might not have done if he had actually known all of the facts.

It did not devolve upon Runge to inquire of Bailey and Hampton as to the right by which they claimed the land, nor to ascertain if they were informed of the facts and the right of Runge, because he might well presume that the purchasers had informed themselves of all those things necessary for them to know to secure a good title to the land. It was the duty of Bailey and Hampton for their own protection, to investigate or cause to be investigated the title of the man from whom they purchased. The fact that they did not take that precaution and did not acquire the information which lay before them in the deed through which they claim title affords no support to their claim of a repudiation of Runge's superior title; they were by law charged with the knowledge of the contents of that deed.

The hardship of this case arises out of the great negligence of plaintiffs in error and those under whom they claim in not informing themselves of the state of the title. If those who purchase land will not use the means which the law provides, to inform themselves of the state of titles they seek to acquire, courts can not place the loss upon innocent parties, however hard the case may be.

There is no error in the judgment of the Court of Civil Appeals and it is therefore affirmed.

*Affirmed.*