THOMPSON et al. v. KEYS et al.

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 15, 1913. On Rehearing, Dec. 20, 1913.)

1. PRINCIPAL AND AGENT (§ 111*)—SCOPE OF AUTHORITY—AGENT TO COLLECT NOTE—DECLARATIONS—ESTOPPEL.

An agent authorized to merely collect a note cannot bind his principal by a declaration that the note, which is secured by a lien on real estate, has been paid, and thereby estop the principal from foreclosing the lien, nor can any agreement by such agent to assume the payment thereof bind the principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 326–331, 376; Dec. Dig. § 111.*]

2. VENDOR AND PURCHASER (§ 230*)—UNRECORDED DEEDS—LIENS—NOTICE.

Although a number of deeds in a chain of title were not recorded, nevertheless one claiming title through such unrecorded deeds is chargeable in law with notice of a vendor's lien shown in them.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 502–512; Dec. Dig. § 230.*]

Appeal from District Court, Wise County; F. O. McKinzie, Judge.

Suit by W. R. Thompson against L. G. Keys and others. From an insufficient judgment, plaintiff appeals. Reversed.

McMurray & Gettys, of Decatur, for appellant. R. E. Carswell, of Decatur, for appellees.

DUNKLIN, J. L. G. Keys executed two promissory notes, each for the principal sum of $100, in part consideration for a tract of land purchased by him from G. M. Lever-

ett, and upon which land a vendor's lien was retained to secure payment of the notes. Thereafter the land was sold by Keys to Jno. T. Carter; by Carter to Oris Hardwick; by Oris Hardwick to E. R. Hardwick; by E. R. Hardwick to W. W. Watson; by W. W. Watson to W. T. Brown; and by W. T. Brown to T. B. Brite. Each grantee in these several deeds of conveyance, except W. T. Brown and T. B. Brite, assumed payment of the two promissory notes mentioned above, in part consideration for the conveyance to him, but the conveyances to Brown and Brite both recited payment of consideration in full. One of the notes was paid by Watson after he purchased the land.

W. R. Thompson, claiming to be the assignee and legal owner of the other note, instituted this suit to collect it and to foreclose the vendor's lien upon the land. Keys, Oris Hardwick, Watson, and Brite were made defendants. Brite interpleaded Brown, his vendor, and prayed judgment over against him on his warranty of title, in the event a foreclosure was decreed. He further alleged in his answer to plaintiff's suit that the note had been paid, but, if that plea should not be sustained by proof, nevertheless a foreclosure could not be decreed, for the reason that John T. Carter assured Brown, before the latter purchased the land from Watson, that the note in controversy had been paid off and discharged; that this assurance was given by Carter to Brown and Watson before the latter sold the land to Brown, and after Carter had been told that Brown was then negotiating for the purchase of the land free of incumbrance; that Brown relied upon said statements so made by Carter, and was induced thereby to purchase the property and to pay therefor $600 in cash; that said representations so made to Brown and Watson by Carter were repeated by Brown to Brite when the latter purchased the property, and Brite was induced thereby to purchase it and to pay therefor $550 in cash; that at the time Carter made those representations he was the owner of the note in controversy; that, if the note was then owned by plaintiff and not by Carter, then Carter was the duly authorized agent of plaintiff for the collection of the note, and, by reason of the representations so made by Carter and the fact that Brown was thereby induced to purchase the property, and Brite was later induced to purchase from Brown, plaintiff is now estopped from claiming a lien upon the property. This plea of estoppel was adopted by Brown. Brite and Brown further prayed that Carter be made a party defendant and for judgment against him, by reason of the representations alleged to have been made by him, in the event of a foreclosure of the lien claimed by plaintiff. Keys likewise prayed for judgment over against Carter, his vendee, for any sum that

might be adjudged against him (Keys); this plea over being based upon Carter's assumption of the payment of the note as a part of the consideration for the sale to him by Keys. Watson pleaded payment of the note. Oris Hardwick filed no answer. Carter filed answers to the pleas over against him by his codefendants.

The case was tried by the court without the aid of a jury, and a judgment was rendered in favor of plaintiff against Keys, Oris Hardwick, and Watson for the amount due on the note, but denying a foreclosure of the lien claimed upon the land. From that portion of the judgment refusing a foreclosure, plaintiff has appealed.

[1] It is undisputed that the vendor's lien to secure the payment of the note was duly reserved in the deed from Leverett to Keys and in the note itself; and no error has been assigned by appellees to the finding by the court, which is necessarily included in the personal judgment in favor of plaintiff against Keys, Hardwick, and Watson, and also supported by the evidence, that plaintiff was the legal owner and holder of the note. While the trial judge filed no conclusions of fact and law, it is quite evident that he sustained the plea of estoppel urged by Brite and Brown, and for that reason denied a foreclosure of the lien. The evidence was sufficient to sustain a finding that Carter made the representations alleged, and that Brown and Brite were induced thereby to purchase and pay for the land, and that at the time Carter made the representations he was in possession of the note as agent for plaintiff with authority to collect it. There was no evidence tending to show any specific authority from plaintiff to the agent to make such representations, but appellees insist that the representations were within the apparent scope of Carter's general authority to collect the note, and therefore, were binding upon the plaintiff. We are of the opinion that this contention is unsound, and that the plea of estoppel should have been overruled.

Appellees invoke the general rule that the principal is bound by the declarations, statements, and admissions of the agent made while acting for his principal and within the apparent scope of his authority; and, among other authorities announcing that doctrine, cite Mechem on Agency, § 714. But the same author further says: "An agent authorized merely to collect a demand or to receive payment of a debt, cannot bind his principal by any arrangement short of an actual collection and receipt of the money. He cannot, therefore, take in payment the note of the debtor payable either to himself or to his principal; or the note or bond of himself, or of a third person; or a draft or order on a stranger, or horses, wheat, merchandise or other property of any kind; nor can he set off a claim due from himself; or take property for his own use in payment. * * *"

(Section 375.) "It follows, as a corollary of the rule above referred to, that an agent authorized merely to collect or receive payment, has no implied power to release the debt, in whole or in part, or to compromise the claim without payment; nor can he discharge the debtor and assume the debt himself." (Section 376.) See, also, 31 Cyc. 1392–1394; Belton Compress Co. v. Belton Brick Mfg. Co., 64 Tex. 337.

In the case of Wm. Cameron & Co. v. Blackwell, 53 Tex. Civ. App. 414, 115 S. W. 856, this court quoted with approval the following language used by the Supreme Court of North Dakota in Corey v. Hunter, 10 N. D. 5, 84 N. W. 570: "Apparent authority is that authority which an agent appears to have from that which he actually does have and not from that which he may pretend to have, or from his actions on occasions which are unknown to and unratified by his principal."

And in Cameron v. Blackwell, supra, this court, speaking through Chief Justice Conner further held: "One dealing with an agent is bound to a knowledge of the agent's authority, and only such authority may be implied as is reasonably necessary and proper to carry into effect the main power conferred." The same rule is announced in Green v. Hugo, 81 Tex. 452, 17 S. W. 79, 26 Am. St. Rep. 824; H. & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am. Rep. 642; G., H. & S. A. Ry. Co. v. Allen, 42 Tex. Civ. App. 576, 94 S. W. 417; 31 Cyc. 1322.

[2] Although none of the deeds mentioned above were recorded, except the deed from Brown to Brite, nevertheless Brown and Brite, claiming title through the unrecorded deeds, were chargeable in law with notice of the vendor's lien which plaintiff sought to foreclose and which was retained in the deed from Leverett to Keys. Gilbough v. Runge, 99 Tex. 539, 91 S. W. 566, 122 Am. St. Rep. 659.

For the reason stated, the judgment of the trial court denying the foreclosure of lien sought by plaintiff is reversed, and judgment is here rendered granting a foreclosure of such lien against appellees L. G. Keys, Oris Hardwick, W. W. Watson, and T. B. Brite for the amount of personal judgment rendered in plaintiff's favor, those defendants being the only defendants against whom plaintiff prayed for a foreclosure. In all other respects, the judgment rendered by the trial court is undisturbed.

In this connection we deem it proper to note that a judgment was also rendered in favor of the plaintiff against E. R. Hardwick, who was not a party to the suit and against whom plaintiff asked no relief, and in favor of Keys over against several of the defendants, including E. R. Hardwick, against whom Keys prayed for no relief; also in favor of other defendants over against some of their codefendants without any pleas to support the same, but no error has been

assigned to any of such judgments, and the question of their validity vel non therefore is not before us.

### On Rehearing.

Defendants Brite and Brown specially pleaded that the note in suit was fully discharged before those defendants acquired the land, and that after defendants acquired the land Carter "conceived the idea of cheating and swindling this defendant, and for that purpose placed the same in the hands of an attorney, with instructions to bring suit on the same in the name of plaintiff, his brother and business associate, under the pretense that he was the owner of the same." Thus the issue of Thompson's ownership of the note at the time of the trial was specially tendered, and, if that plea had been sustained, no personal judgment would have been rendered in favor of Thompson. The only testimony introduced to show that Thompson purchased the note related to its acquisition prior to the purchase of the land by both Brown and Brite, and we adhere to the conclusion heretofore reached that it is apparent that the court sustained the plea of estoppel urged against Thompson and for that reason only refused to decree a foreclosure of the lien upon the land.

Appellees Brite and Brown both now pray for a judgment to be rendered in favor of Brite against Brown on the latter's warranty of title to the former. It appears from the deed from Brown to Brite that the consideration paid for the land was $550, a sum in excess of the amount of the personal judgment in favor of Thompson. Accordingly judgment is here rendered in favor of appellee Brite against appellee Brown for such amount as Brite may be compelled to pay on the personal judgment heretofore rendered in favor of appellant Thompson in order to prevent the sale of the land under the judgment of foreclosure, or, if the land be sold under said foreclosure, then for such of the proceeds of such sale as may be applied upon said personal judgment.

Appellee Brite has filed a further motion here invoking a judgment by this court on his plea over against Carter. According to both his pleadings and the evidence in support thereof, Carter made no representations to him inducing him to buy the land. The only grounds upon which Brite sought a judgment against Carter were the alleged representations made by Carter to Brown, and upon which Brown predicated his plea over against Carter, Brite alleging and testifying that the same representations were repeated to him by Brown, and that he was induced thereby to purchase and pay cash for the land. No facts were alleged or proven to show any liability on the part of Carter for the repetition to Brite of the representations made by Carter to Brown. Hence the judgment is here rendered that Brite take nothing against Carter upon such plea over against Carter, and that, as to such plea, Carter go hence without day and recover of Brite his costs incurred by reason of such plea over.

A motion has also been made by Brown for a remand of the case for trial of the issue presented by Brown against Carter, which motion is sustained, and the cause remanded for trial of that issue only. Except as otherwise shown above, the motion for rehearing is overruled. The costs of this appeal are taxed against appellees Brite and Brown.