**SOUTHERN ROCK ISLAND PLOW CO.**
**v. WISE et al.**

No. 4743.

Court of Civil Appeals of Texas. Amarillo.

April 12, 1937.

Rehearing Denied June 28, 1937.

P. B. Randolph, of Plainview, for plaintiff in error.

Chas. H. Dean, of Plainview, for defendants in error.

JACKSON, Justice.

On June 17, 1930, J. A. Wise and B. B. Wise purchased from Hastings Brothers, who were handling the implements of the Southern Rock Island Plow Company on commission, one tractor, one lister drill, one disc plow, and one three-row R. I. lister, for a consideration of $2,055.

They paid in cash and trade $685 and executed their written obligation for the sum of $1,370, payable in two equal annual installments to the Agricultural Bond & Credit Corporation of Chicago, Ill., one due July 1, 1931, and one due July 1, 1932, each bearing interest at the rate of 10 per cent. per annum until maturity, and providing in effect for a reasonable attorney's fee. The deferred payments were secured by a chattel mortgage covering the machinery, duly executed and delivered by the purchasers. Mrs. Mattie Wise, the wife of B. B. Wise, signed the instrument evidencing the debt and mortgage.

The written obligation, together with the lien securing the payment thereof, was acquired for a valuable consideration and in due course of trade by the Southern Rock Island Plow Company.

On August 20, 1931, after default in the payments, the Southern Rock Island Plow Company, plaintiff, instituted this suit in the district court of Castro county against B. B., J. A., and Mrs. Mattie Wise, defendants, to recover the debt and foreclose the lien on the property therein described.

Mrs. Mattie Wise pleaded her coverture and that she executed the obligation as surety and judgment was rendered on this plea in her favor and no complaint is made thereof.

B. B. Wise and J. A. Wise answered by general denial and pleaded that prior to the institution of the suit, "The plaintiff, acting by and through its lawful agent and representative, one Goodloe, repre-

sented to these defendants that since they were unable to pay the note, the plaintiff would release the said defendants therefrom if they would return the machinery on which the defendants had given the chattel mortgage described in plaintiff's petition; * * * that acting and relying upon such promise and agreement, the defendants did release all the said machinery * * * to plaintiff's said agent * * * about the 15th day of August, 1931; * * * that the defendants delivered the machinery to the plaintiff only upon its agreement fully and finally to release them from the obligation of the note described in plaintiff's petition * * * and the plaintiff then and there accepted and received the said machinery * * * in full satisfaction and discharge of its cause of action * * * and sold all of said machinery to third parties at private sale, which constituted an election, and plaintiff cannot pursue a different remedy, for all of which reasons, defendants pray the judgment of the court."

In response to a special issue submitted by the court, the jury found in effect that at the time B. B. and J. A. Wise turned over the machinery to G. E. Goodloe, he promised as a consideration therefor that the defendants would be released from any further liability on their contract and mortgage.

On this finding, judgment was rendered that plaintiff take nothing by its suit; that the defendants go hence with their cost, and by writ of error, the plaintiff prosecutes this appeal.

The appellant presents as error the action of the trial court in refusing to peremptorily instruct a verdict in its behalf against B. B. and J. A. Wise because it contends that appellees failed to plead and failed to prove that the alleged agent, G. E. Goodloe, had any authority to bind appellant to cancel the indebtedness against appellees upon delivery of the machinery in question to the plaintiff.

Mr. Hastings testified in effect that Mr. G. E. Goodloe was representing the appellant, making collections for it and looking after its interest; that after the machinery was returned, Mr. Goodloe sold it to other parties.

B. B. Wise testified that Mr. Goodloe came out to see him with reference to the payment of the debt and promised that if the machinery was redelivered, he and his son would be released from further liability thereon and advised them that when the machinery was resold, he would get their papers for them; that Goodloe was a company man and he did not think it necessary to have a written release. Mr. J. A. Wise gave substantially the same testimony as his father.

The testimony is uncontroverted that during the negotiations had relative to the return of the machinery, the attorney representing the appellant prepared and delivered to appellees this instrument, which they accepted and had at the trial:

"P-E C. D. Russell, Lawyer, Room 408 Skaggs Building, Plainview, Texas, Aug. 20th, 1931.

"J. A. Wise, B. B. Wise and Mattie Wise not being in a position to make payment of the amount due on July 1st, 1931, on the contract of purchase of one 1525 Rock Island tractor, Motor No. 202007; one lister drill, one 9 foot 15 disc cy plow and one 3 row Rock Island lister, purchased from Hasting Bros. which under the terms of the contract matures the whole amount owing on same, and authorizes the sale by the holder of said indebtedness of said property either at public or private sale, in order to save as much expense as possible have delivered same to Southern Rock/Plow Co. for the purpose of proceeding under the contract.

"Southern Rock Island Plow Co. agrees to sell said property within a reasonable time for the best price obtainable and apply the proceeds as a credit on said indebtedness.

"Southern Rock Island Plow Co.
"By G. E. Goodloe, Agt."

The attorney testified that during the negotiations and before the delivery and acceptance of this written instrument he explained to the appellees that the company only had authority to release them from the payment of the balance of the purchase money after they were credited with the price received for the machinery; that under the contract, the company could take it and sell it, but the expense thereof would add to appellees' debt, and the defendants agreed to deliver the machinery, and he prepared and gave them the above instrument; that he was acting as agent for appellant in taking possession of the machinery and giving them the receipt setting out what the understanding was, but had no authority to release them from any unpaid balance.

The contract provided that title to the machinery should not pass to the defendants until the purchase price was entirely paid; that on default the entire amount became due; that thereupon the company could take immediate possession of the machinery and resell it at public or private sale with or without notice to the appellees, and from the proceeds of such sale, deduct all expense for retaking, repairing and reselling the property, including reasonable attorneys' fees, apply the balance to the amount due, and pay any surplus over to the appellees and, "in case of deficiency, the purchaser shall pay the same with interest * * * and any repossession or retaking or sale of the property pursuant to the terms hereof shall not operate to release the purchaser until full payment has been made in cash."

■ The testimony shows that the claim of appellant was liquidated and there was no dispute or controversy about the amount thereof. There is no pleading and no proof that G. E. Goodloe had any authority, special or general, to accept the machinery and release appellants from the payment of any balance after they had been given credit for the price plaintiff received for the machinery. Under the record, G. E. Goodloe had such authority only as could be inferred from his position as a collecting agent.

"An agent authorized merely to collect or to receive payment has no implied power to release the debt in whole or in part or to compromise the claim without payment in full." Mechem on Agency (2d Ed.) vol. 1, p. 687, par. 954.

This quotation is approved in Thompson et al. v. Keys et al. (Tex.Civ.App.) 162 S. W. 1196.

In accord with this text-writer, is the language of the Supreme Court, in Mc-Alpin v. Cassidy, 17 Tex. 449, 450, in which it is said: "An agent employed to receive payment, is not, in general, clothed with authority to compound the debt, or to commute it for something else, as his own debt; but can only receive it in money, unless his particular employment confers the authority, or it can be implied from the general usage of business, or the habits of dealing between the parties. This is the well settled doctrine of the law; and it is obviously founded in reason and justice."

For additional authorities, see Belton Compress Co. v. Belton Brick Mfg. Co.,

64 Tex. 337; Tompkins' Machinery & Implement Co. v. Peter & Sherrill, 84 Tex. 627, 19 S.W. 860; Green et al. v. W. M. Priddy, 112 Tex. 567, 250 S.W. 656.

"A debtor who claims that his debt has been discharged by settlement or compromise, made with the creditor's agent, has the burden of proving that the agent's authority was competent for the purpose; and the principal may, of course, show that the agent's authority was limited, and did not include the case in question." Mechem, supra, p. 728, par. 1013.

We have been unable to ascertain with certainty the amount of principal and interest due appellant, and no proof was offered as to the amount of a reasonable attorney fee, hence the judgment is reversed, and the cause remanded.