**OWINGS v. PORTER et al.**

No. 5789.

Court of Civil Appeals of Texas. Texarkana.

March 27, 1941.

Rehearing Denied April 17, 1941.

Hurst, Leak & Burke, of Longview, for appellant.

John T. Buckley, of Houston, for appellees.

## WILLIAMS, Justice.

Under a deed dated February 17, 1928, executed by the appellant, W. R. Owings, Jr., joined by his wife, one Sam P. Chitwood acquired title to Lot No. 1 in Block 2 in Terrace Gardens Addition to the City of Longview. This deed described a $500 vendor's lien note then executed by Chitwood payable to appellant and expressly retains vendor's lien on the property to secure payment of the note. On March 14, 1928, Chitwood and wife entered into a contract with one Anderson to erect a residence thereon. As a result of this deal Chitwood and wife executed to Anderson a $2,000 promissory note and to secure its payment executed a mechanic's lien on a part of the lot. On the same day, Anderson assigned and transferred the note and lien to appellees V. F. Porter and J. W. Pittman who financed the erection of the residence.

In this suit filed by appellees against Chitwood upon the $2,000 note and for foreclosure of their lien as against the Chitwoods and appellant Owings, the latter answered and in cross-action set up his note and vendor's lien as a prior lien, sought a recission, and, in the alternative, prayed judgment for his debt and foreclosure of vendor's lien as against the Chitwoods and appellees. To the cross-action appellees answered that appellant was estopped to assert the priority of his vendor's lien. As ground for estoppel appellees alleged that they accepted the assignment of the lien created by Chitwood and wife "at the special instance and request of the" appellant; that appellant "represented to these plaintiffs that the said Sam P. Chitwood was the owner of the land and premises described in such lien" and "had a

right to create a lien thereon"; that appellees did not know appellant was asserting a lien, and the latter concealed and failed to reveal to them that he then held a lien upon the lot. They further alleged that "they believed the representations" of appellant and "relied upon all representations made by him and would not have entered into such contract had they not so believed such representations and relied thereon."

The jury failed to agree and did not answer the sole issue submitted to them, reading: "Do you find from a preponderance of the evidence that W. R. Owings, Jr., represented to V. F. Porter that the lot covered by the mechanic's lien was paid for?" Subsequent to the discharge of the jury, the court granted plaintiffs' motion which asserted that the evidence presented no fact issue, and entered judgment for plaintiffs as prayed for on their debt with foreclosure of mechanic's lien on that portion of the lot therein described as against the Chitwoods and appellant. The court awarded appellant title and possession to such portion of the lot not described in the mechanic's lien, being in effect that appellant take nothing under his vendor's lien in so far as it affects the land described in the mechanic's lien. No attack is made upon the regularity or validity of either lien. The Chitwoods made default and have not appealed.

At the time appellees consummated their deal with Chitwood and Anderson, or either, prior and subsequent thereto, an examination of the deed records of Gregg County would have disclosed that title to the lot then rested in appellant. Such records would not have disclosed any character of title to this lot in Chitwood. The deed executed by appellant to Chitwood was never filed for record. After execution, it was placed in the safe of appellant in his office for safe-keeping. Chitwood could have obtained possession of it at any time. Appellees could have examined it. The deed was in the office at the time appellant's bookkeeper prepared the mechanic's lien and its assignment. Appellant took the acknowledgments to both instruments. Further than this, the evidence is silent as to the circumstances under which the instruments were prepared and executed in the office.

Appellees make no claim that any fiduciary relationship existed between them and appellant. Porter, one of the appellees,

testified that prior to the time he accepted the assignment he had heard of appellant a great deal; had seen him four or five times, and had dealt with him in business matters a few times. In explanation of appellees' failure to examine the deed records of Gregg County or to otherwise investigate the title, Porter claims that while visiting in appellant's office, the latter gave him the name of Mr. Chitwood "as a pretty good business prospect if I wanted to use it, and that he (Chitwood) would have to go through a loan." "I asked him about the lot and he said that he had sold the lots and they were clear." Porter claims to have then contacted Chitwood and agreed to finance the building, and subsequently Anderson and Chitwood brought the already prepared and executed note, lien and assignments down to appellees' lumber yard; that believing and relying upon above alleged representations, appellees had advanced the sum called for in the mechanic's lien; and did not know of the existence of the vendor's lien note until the house had been erected. The following questions propounded to Porter and his answers thereto reflect the alleged statements made to him by appellant: "Q. And Mr. Owings told you that Mr. Chitwood was the owner and had paid for the lot? A. Yes, sir; he said he had sold it to him and had paid for it." Being further questioned as to what appellant said, Porter answered, "Mr. Owings said he had paid for it or had sold it to him."

Appellant in his pleading and testimony denies that Porter inquired of him if any lien existed or if Chitwood had paid him; that he did not tell Porter that Chitwood had paid for the lot and "that he made no representation to Porter as to title or anything of that kind." It is appellant's testimony that Chitwood and Anderson had approached Porter to get the house financed and that subsequently Porter called and inquired of appellant about Chitwood, and "I told him Chitwood was all right as far as I knew, that all the dealings I had with him had been satisfactory." "I didn't tell him Mr. Chitwood was a prospect. He already knew it. Mr. Chitwood and Mr. Anderson had already been to see Porter."

■ It is without controversy that appellant did not inform appellees of the existence of the outstanding vendor's lien note. This being so, appellees contend: "It was appellant's equitable duty to have

disclosed to appellees all the facts about the title to the lot which might prove to be detrimental to their investment." As stated in 19 Am.Jur. p. 770, Sec. 116, and applicable to a state of facts as herein detailed: "The principle has become well established in the law of estoppel as it relates to rights in real property that a person who purchases, or accepts a mortgage of real property from another party cannot claim the benefit of an estoppel as against a third person who failed to disclose an interest which he possessed with respect to the property at the time when it was being sold or mortgaged, *unless it appears that he performed the duty which, under the circumstances in evidence, was incumbent upon him in regard to making inquiries, with the view of ascertaining the actual condition of the title to the property.*" (Italics ours.) 43 T.J. p. 647, Sec. 383; Thompson v. Litwood Oil & Supply Co., Tex.Civ.App., 287 S.W. 279; Hansen v. Christie, Tex.Civ.App., 132 S.W.2d 910; Gilbough v. Runge, 99 Tex. 539, 91 S.W. 566, 122 Am.St.Rep. 659; Bynum v. Preston, 69 Tex. 287, 6 S.W. 428, 429, 5 Am.St.Rep. 49; Hunt Production Co. v. Dickerson, Tex.Civ.App., 135 S.W.2d 597. This general principle "does not have application where there was not only nondisclosure on the part of the party sought to be estopped, but likewise positive acts which tended to mislead the party alleging the existence of estoppel." 19 Am.Jur. p. 771.

■ No fiduciary relationship existed Appellees made no examination of the deed records of Gregg County, or otherwise investigated the title. It is apparent from appellees' pleadings and the evidence offered by them that they predicated such claimed estoppel not upon passive concealment of the facts but upon positive or affirmative acts and representations of appellant. That the evidence presented a fact issue upon appellees' claim of positive or affirmative acts is evident from the testimony herein quoted, and from the jury's failure to agree upon an answer to this issue. Upon the jury's failure to answer this material and ultimate issue and upon their discharge, a mistrial should have been entered. 41 T.J. p. 373; De Walt v. Universal Film Exchanges, Tex.Civ.App., 132 S.W.2d 421, 423.

In reversing and remanding the cause for the reason indicated, we have assumed

without determining the sufficiency of appellees' allegations relating to their plea of estoppel.

The judgment is reversed and the cause remanded.