58  383
82  427.
83   45
58  383
92  568

## J. L. McKelvain v. M. A. R. Allen.

(Case No. 1400.)

1. Deed — Vendor's lien.— A deed absolute on its face containing covenants of warranty as to title, which recites the execution of notes for the purchase money, but declares no lien, passes the title to the purchaser under execution against the vendee, but subject to the vendor's lien, of which the recitals in the deed give notice.

2. Same.— If, however, contemporaneous with execution of such a deed, the vendee executes notes for the purchase money, which on their face recite the purchase, and in terms declare the existence of a lien until the notes are paid, this will be as effectual to prevent the title from passing by the deed as though the lien were reserved by its terms. Under such circumstances the notes and deed would be construed as one instrument evidencing an executory contract to sell the land.

3. Same.— If, when such deed and notes are executed, the notes contain a clause whereby their maker agrees to pay rent for the land if he should not pay the notes at their maturity, the relation of the parties after default would be that of landlord and tenant, and a judgment creditor of the vendee with notice, could acquire by purchase of the land under execution, no higher title than he possessed.

4. Same — Judgment — Evidence.— In a suit for the land by such purchaser under execution, issued under a judgment against the vendee, obtained in a proceeding to which the vendor was not a party, the purchaser made no tender of the unpaid purchase money due on the notes. Held, that there was no error in excluding his judgment when offered in evidence.

5. Cases approved.— Dunlap's Adm'r v. Wright, 11 Tex., 597; Baker v. Ramey, 27 Tex., 59; Peters v. Clements, 46 Tex., 114; Baker v. Clepper, 26 Tex., 629, and Baker v. Compton, 52 Tex., 261, approved.

APPEAL from Houston. Tried below before the Hon. John R. Kennard.

Suit filed August 9, 1880, by appellant against appellee and D. D. and A. M. Powell, for the recovery of about one hundred acres of land. He alleged that on January 15, 1880, he conveyed the land by deed to the Powells for $1,522.50, one-half to be paid October 15, 1880, and the other half October 15, 1881, as recited in the deed; that at the time of the execution of the deed, the Powells gave him two obligations for the purchase money, payable as above mentioned, in which it was stipulated that a lien was reserved, and that in case of the refusal or failure of the Powells to pay the obligations at maturity, they were to pay $4.50 per acre rent for all the land in cultivation; that the Powells went into possession under that agreement and continued in possession as vendees or tenants of appellant till July 3, 1880, when they without surrendering possession, without notice, and without having paid any part of the purchase money or rents, disaffirmed and abandoned the contract and attorned to defendant Allen. The petition also alleged an unlawful entry and disseizin by defendant Allen. Appellant prayed judgment for the title and possession of the land, for cancellation of the agreement with the Powells, appellant surrendering the obligations; but in case such relief could not be granted, he prayed for judgment for the purchase money and foreclosure of his vendor's lien, etc. Appellant sued out a writ of sequestration and thus obtained repossession by replevying.

On September 10, 1880, the Powells answered admitting the agreement between them and appellant as charged, and alleging that on July 3, 1880, they were dispossessed by a United States marshal acting under authority of a writ of the United States circuit court at Tyler, and possession delivered to their codefendant Allen, and that thereafter they rented the land from said Allen; that they claimed no interest in the land and were willing to account to the rightful owner for the rents, and they prayed that Allen be required to defend the title.

On the same day defendant Allen set up that the Powells were her tenants, and she answered by a general denial and plea of not guilty, and filed no other pleas.

Cause tried March 12, 1881, by the court. Judgment was rendered for appellee for the land and for $337.50, rents, against appellant and the sureties on his sequestration bond, and also canceling the agreement between appellant and the Powells.

Appellant moved for a new trial and in arrest of judgment. The

motion in arrest was sustained as to so much of the judgment as gave appellee rents, but the motion for a new trial was overruled.

*J. R. Burnett*, for appellant.— Appellee was permitted by the court to read in evidence a certified copy of a judgment by default rendered in the United States circuit court at Tyler in May, 1880, in favor of appellee and against defendants Powell and others, for the Welsh league. That judgment was offered " for the purpose of showing that the title to the land in controversy had been adjudicated against plaintiff, and that plaintiff was concluded by said judgment; and further, as evidence of defendant Allen's title to the land as against plaintiff." Appellant objected, among other grounds, because he was no party or privy to said suit and had no notice of same. The court held the judgment conclusive against appellant. The judgment was against the defendants and " all persons claiming or holding possession under them." Appellant was made a party defendant to the writ, but the judgment recites that the suit was dismissed as to him, and he proved by uncontradicted evidence that he was not served with citation and had no notice of the suit.

*Nunn & Williams*, for appellee.

I. The judgment being against the legal holders of the title under which appellant claims, against whom appellant held only an equity, which he could only enforce by becoming privy with and holding under them, and being in a suit which he had expressly contracted to defend and warranted against, was, under the facts, an adjudication of the title asserted by him in this suit, and conclusive against him. R. S., arts. 4788–4790; Hough *v*. Hammond, 36 Tex., 657; Peterson *v*. Lathrop, 34 Pa. St., 223; Calhoun *v*. Dunning, 4 Dall., 120; 4 Wall., 658; 2 Black (U. S.), 418; Bigelow on Estoppel, 47; 1 Greenl., 523, 535; Freeman on Judgments, 171, 176; Hunter *v*. Britts, 3 Camp., 455.

II. The judgment, even if not conclusive against appellant, was admissible as evidence of appellee's title and as *prima facie* evidence of such title. Paul *v*. Witman, 3 W. & S., 409; Chirac *v*. Reinecker, 2 Pet., 622; Hunter *v*. Britts, 3 Camp., 455; Pitkins *v*. Leavitt, 13 Ohio.

III. The judgment was admissible to show a recovery of the vendee's possession of and interest or term in the land, and as thus tending to show appellee's title and right of possession in this suit, and to negative that of appellant. Tyler on Ejectment, 77, 214; 16, 682; Freeman on Judgments, 300, 301; Marshall *v*. Shafter, 32 Cal.; Herman on Estoppel, 116.

Sᴛᴀʏᴛᴏɴ, Aꜱꜱᴏᴄɪᴀᴛᴇ Jᴜꜱᴛɪᴄᴇ.— This is a suit of trespass to try title brought by appellant against the appellee and D. D. and A. M. Powell, to recover a part of a grant of land originally made to John Welsh.

It appears that the appellant, on the 15th of January, 1880, conveyed the land in controversy to the Powells by a deed in the usual form, with a covenant of general warranty of title.

This deed showed upon its face that the land was sold upon a credit for $1,522.50, and that the Powells had executed two obligations in writing to secure the purchase money.

Each of the obligations for the purchase money, which were executed simultaneously with the deed, stipulated that "a vendor's lien is hereby given on said land (of which a general description had been before given in each of the obligations) for the payment of this note; and in case of a failure or refusal on our part to pay this note at maturity, then we hereby agree to pay $4.50 per acre rent for all the land we are buying that is in cultivation."

The Powells failed to pay the first obligation falling due, and in accordance with their agreement paid the rent. The Powells went into possession of the land, and so continued until they were dispossessed by the United States marshal under a writ which directed him to place the appellee Allen in possession of the land; after which the Powells attorned to her.

These facts appeared in the petition, and there was a prayer for title and possession of the land; a tender into court of the obligations for the purchase money executed to appellant by the Powells, with a prayer that the conveyance to them be canceled, or, if that could not be done, that he have judgment for the purchase money and a foreclosure of the lien given by the Powells.

The Powells admitted the making of the agreements between them and the appellant, disclaimed any interest in the land, and expressed a willingness to pay rent therefor to whomsoever was the owner of the land. Mrs. Allen alleged that the Powells were her tenants, and pleaded not guilty, and also filed a general denial.

On the trial Mrs. Allen offered in evidence a judgment against the two Powells and other defendants, rendered in the circuit court of the United States at Tyler by default on the —— of May, 1880, in a suit instituted in that court by her on the 25th of March, 1880, against the appellant, the two Powells and other defendants, which, however, as to the appellant, was dismissed prior to judgment.

There was no service upon the appellant in that suit, and it does

not appear that he had notice that such suit was instituted until judgment therein had been rendered.

This judgment, as the bill of exceptions shows, was offered as evidence of title in Mrs. Allen to the land in controversy, and to show that appellant was concluded thereby.

To its introduction for this purpose appellant objected, because he was not a party to the suit in which the judgment was rendered, and had no notice of the suit. The objection was overruled, the judgment admitted in evidence, and this is assigned as error.

The deed from McKelvain was absolute upon its face, and it would have passed the title to the land in controversy to the Powells, notwithstanding the recital therein of the fact that the purchase money was unpaid; a vendee's lien, however, would have existed to secure the purchase money, of which the recitals in the deed would have given notice; but the agreement contained in the notes which were executed simultaneously with the deed, that a lien should exist upon the land to secure the payment of the purchase money, must be held equally as effective to prevent title passing to the Powells as though the lien had been reserved in the face of the deed; for all the instruments executed at the same time, and in regard to the same matter, must be held in legal effect as but one instrument.

Under the repeated decisions of this court, the instruments, taken together, evidence but an executory contract by McKelvain to sell the land in controversy to the Powells. Dunlap's Adm'r v. Wright, 11 Tex., 597; Baker v. Ramey, 27 Tex., 59; Peters v. Clements, 46 Tex., 114; Baker v. Clepper, 26 Tex., 629; Roosevelt v. Davis, 49 Tex., 463; Baker v. Compton, 52 Tex., 261.

The contract seems even to contemplate a rescission of the executory contract if there was default in the payment of the purchase money.

Under such facts, the relation of the Powells to the land was in subordination to the right of McKelvain; rather that of tenants, with a contract by which they might become the owners, than the owners. The possession of the Powells was the possession of McKelvain, and as against him, without payment of the purchase money, they could get no title. Of this the appellee seems to have been conscious; for she made McKelvain a party defendant in the federal court, reciting in her petition the conveyance from him to the Powells. She, however, afterwards dismissed her suit as to McKelvain. Under these facts, the appellee can claim no greater right under her judgment against the Powells than they had; and in this action, when neither

the Powells nor the appellee proposed to perform the contract which the Powells had made with McKelvain, the judgment which she obtained against the Powells in a suit to which McKelvain was not a party should not have been introduced in evidence to show title in her. Read *v.* Allen, 56 Tex., 177; Read *v.* Allen (decided at present term).

The same reasons apply for the exclusion of such evidence as would apply had there been no other relation between McKelvain and the Powells than that of landlord and tenants. Their executory contract to buy the land cannot affect the question.

For the error of the court in admitting in evidence the judgment obtained by Mrs. Allen against the Powells, the judgment must be reversed.

The evidence shows that the appellant has title to fifty acres of the land in controversy by limitation, and that he has title to at least one-half of the remainder in the same manner, under the sixteenth section of the statute of limitations; but the state of the record is such that we cannot with certainty tell whether the title of appellant to the residue of the land had been so perfected before the institution of the suit by the appellee against the Powells or not.

The deed from White to Harrington and appellant does not seem to have been recorded until the 15th of September, 1880; but the deed from Harrington to appellant for one-half of the land was recorded September 4, 1873.

If this last conveyance passed the title to the particular land now in controversy, except the fifty acres conveyed by R. A. Read directly to appellant, then the title to all of the land in controversy would be complete in appellant by limitation; but if such is not the effect of the deed from Harrington (which is not set out in full in the record), then the appellant does not show a recorded deed to himself for one-half of the land conveyed to Harrington and himself by White, until September 15, 1880.

Such being the state of the record, the judgment will not be reversed and rendered, but will be reversed and remanded, that the parties may adjust their rights in accordance with the facts.

REVERSED AND REMANDED.

[Opinion delivered January 23, 1883.]