## J. B. CAMPBELL & CO. v. BILL NICHOLSON.

(No. 3236.)

APPEAL from Washington County. Opinion by DAVIDSON, J.

EDDINS & EWING, counsel for appellant.

SEARCY & GARRETT, counsel for appellee.

§ 288. *Variance between note and mortgage made to secure it; effect of.* This suit was brought by J. B. Campbell, a merchant doing business under the style of "J. B. Campbell & Co." in Washington county, Texas, on the 11th day of October, 1890, upon a promissory note for the sum of $87.94, executed by said Nicholson to said Campbell & Co. Said note contained a mortgage lien upon two bay mares, and, in addition thereto, appellant sought to foreclose a chattel mortgage upon said two mares, which had been executed by said Nicholson to said Campbell & Co. to secure said indebtedness. Ap-

pellant sued out a writ of sequestration, and had the same·
levied upon the two mares, which were alleged to be
worth $60 each, or $120 together.   On October 21, 1890,
appellant recovered a judgment in the justice's court
against appellant for $87.94 with interest from that day
at eight per cent., together with a foreclosure of the
mortgage lien upon said two mares.   Appellee appealed
to the county court, and there the appellant, on March 20,
1891, recovered a judgment for $96.44, with interest from
that date at eight per cent., from which Campbell appeals;
this being a judgment on the note alone, and without
foreclosure of his lien on the mares.   The court confined
the plaintiff's recovery to the amount of the note sued on,
with interest, and excluded from the consideration of the
jury the plaintiff's right to foreclose the mortgage em-
bodied in the note sued on, and also his chattel mortgage,
and the court charged the jury that appellant could only
recover the amount of the note, with eight per cent. in-
terest thereon from its maturity.   It was shown by the
testimony in the case that the note and mortgage were
executed on the 24th of November, 1889, at the same time,
and constituted one and the same contract.   The note
did not stipulate for any amount of interest, but in the
mortgage the appellee agrees to pay twelve per cent. in-
terest, and because of this seeming variance between the
mortgage and the note the court refused to permit the
mortgage to be introduced in evidence.   This ruling of
the court was clearly erroneous.   The two instruments
were one and the same instrument, each a part of the
other, having been executed contemporaneously.   "It is
a well-established rule that two deeds or writings ex-
ecuted at the same time and between the same parties,
and in reference to the same subject-matter, are to be
taken as parts of the same contract, and as forming one
entire agreement."   [Howards v. Davis, 6 Tex. 174.]
The court erred in excluding the chattel mortgage ex-
ecuted by appellee to secure the payment of the note.

[2 Civil Cas. Ct. App., § 531; McKelvain v. Allen, 58 Tex. 387; Horne v. Chatham, 64 Tex. 41; James v. Adams, id. 198.] Because the court erred in not giving the appellant, Campbell & Co., a decree foreclosing his mortgage, the judgment is here reformed, and is rendered in favor of appellant against the appellee for the sum of $87.94,— the amount of the promissory note sued on,— together with twelve per cent. interest upon the same from the maturity thereof, to wit, the 1st day of January, 1890, and a foreclosure of his mortgage lien upon the two mares branded H O L T, described in his note and chattel mortgage, and all costs in this behalf expended, for which execution may issue.

January 20, 1892.        Reformed and rendered.