## John M. Branch et al. v. W. W. Taylor.

Decided October 11, 1905.

**1.—Superior Title—Vendor's Lien—Remedies—Refunding Price.**

Upon default in payment of the purchase money of land the vendor, if he has reserved in the note or deed a vendor's lien in express terms, has the election of suing on the note and to foreclose his lien or to sue for the land itself, and in the latter case he is not compelled, in order to recover the land, to refund any purchase money that may have been paid by the vendee.

**2.—Same—Release of Lien—Effect.**

Where the vendor executes a release of the lien reserved in his deed the superior title passes to the vendee, and the vendor can not thereafter, upon default of payment by the vendee, who had agreed to execute a new note, recover the land, but is entitled only to recover the purchase money and foreclose the lien.

**3.—Attorney Fees—Note—Pleading.**

Where a note stipulates for ten percent attorney fees if placed in the hands of an attorney for collection, the holder is not entitled to judgment for such fees unless his pleadings allege that the note was placed in the hands of an attorney for collection.

**4.—Sale of Land—Assumption of Mortgage—Time of Payment.**

Where defendants purchased land subject to a mortgage, and with an understanding that they would not be called on to pay the purchase price until the mortgage had been paid, and they secured, without the knowledge or consent of the vendor, an extension of the mortgage debt. This could not operate to delay the vendor in the collection of his debt.

Appeal from the District Court of Wise. Tried below before Hon. J. W. Patterson.

*T. J. McMurray,* for appellants.

*W. H. Bullock* and *R. E. Carswell,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellee instituted this suit to try title to 111-80-100 acres of land, and in addition to the allegations required by statute in actions of trespass to try title alleged that "on the 6th day of May, 1893, plaintiff, joined with his wife, Frances E. Taylor, executed and delivered to defendants their deed of conveyance to said above described tract of land, and that said defendants, as a part of the consideration for the same, on the same date, executed and delivered to plaintiff their certain promissory note in writing, whereby they promised and became liable to pay to the order of plaintiff the sum of $420.80, with interest at the rate of ten percent per annum from the date thereof, and ten percent additional if placed in the hands of an attorney for collection. Plaintiff shows that an express lien was retained in the deed above mentioned for the securing the payment of said note. That thereafter, to wit, on the 15th day of September, 1897, the said defendants promised and agreed that if plaintiff would execute his release of the vendor's lien so retained in said deed they would renew the said note and lien, and that plaintiff, relying upon their said promise, was induced thereby to and did execute and deliver his said release, but that said defendants having then obtained possession of said release refused to renew said note, and that the said sums so mentioned above have never been paid by them, nor any part thereof. Wherefore, plaintiff says that the consideration for said release so obtained by defendants has wholly failed." Appellees prayed for restitution of the land, cancellation of the release, "and for all other relief which in law or equity he may be entitled to."

Appellants pleaded limitations and improvements in good faith, and alleged that they bought the land from appellee about March 12, 1895, and paid him $250 in cash and executed to him a note for $420.80 for the balance of the purchase money, and that at the time of the purchase there was a mortgage on the land in the sum of $1,480 for which appellee was liable, and which he promised to pay before appellants would be required to pay off the note. It was further answered that one hundred and eighty-nine acres of land theretofore sold by appellee to one Lackey was included in the mortgage together with the land sold to appellants, and that Lackey had assumed the payment of the whole of the mortgage debt as part consideration for the land sold to him; that said debt was due about July 1, 1897, and Lackey failing to pay it off, appellee executed and delivered to appellants a release of the vendor's lien on their land, and the said Lackey renewed the mortgage on the land and appellants signed the same. The court tried the cause without the aid of a jury, and rendered judgment for appellee for the amount of the note, interest and attorney's fees, and foreclosed the vendor's lien on the land.

It appears from the facts that appellee owned about three hundred and twenty acres of land in Wise County upon which a mortgage rested for about $1,450. The mortgage was given in 1892, and afterwards appellee sold to A. N. Lackey one hundred and eighty-three acres of the land for $650 and the assumption by Lackey of the whole of the mortgage debt. Afterwards on May 6, 1893, appellee sold to appellants the remainder of the land, in consideration of the payment of $250 in cash and a promissory note for $420.80, bearing ten percent interest

and ten percent attorney's fees in case the note was placed in the hands of an attorney for collection. When the mortgage debt became due in 1897, Lackey could not pay it, and in order to obtain an extension of the time for payment, it was agreed by Lackey, appellee and appellants, that appellee should execute a release of his vendor's lien to appellants, who would transfer their land to Lackey, and he would then execute a new mortgage to the mortgagee. This agreement was carried into execution, it being understood that appellee would still retain his lien for the unpaid purchase money, and that appellants would execute a new note showing that fact. This they afterwards failed or refused to do. When the second mortgage debt became due appellants and Lackey, without the knowledge or consent of appellee, obtained from the mortgagee another extension and executed another mortgage on the land, and the last extension had not expired when this suit was instituted in 1904, nor when the judgment herein was rendered. It was admitted by appellants that they still owed appellee for the balance of the purchase money on this land. After the second extension was obtained Lackey sold his land to T. F. Milligan who assumed the payment of the whole mortgage debt. He is amply able to pay off the mortgage, being worth between $50,000 and $75,000 dollars.

This is a suit to recover land to which appellee had the superior title by reason of the vendor's lien being expressly retained in the note executed by appellants as well as in the deed executed by appellee and his wife. It was not an attempt to rescind the contract, and the rules applied to suits of that character have no application to this suit. When there is default in payment of the purchase money due for land the vendor, who has reserved in the note or deed a vendor's lien in express terms, has the election of suing on the note and to foreclose his lien or to sue for the land itself, and in the latter case he is not compelled, in order to recover the land, to refund any purchase money that may have been paid by the vendee. McKelvain v. Allen, 58 Texas, 383; Lundy v. Pierson, 67 Texas, 233; White v. Cole, 87 Texas, 500; Anderson v. Silliman, 92 Texas, 560; Cattle Co. v. Boon, 73 Texas, 555; Pierce v. Moreman, 84 Texas, 601; Walsh v. Ford, 27 Texas Civ. App., 573.

Appellee, under the foregoing rule, was entitled to recover, if the lien reserved in the note and deed had not been released or cancelled by appellee. This, we think, he had done by the execution of the release of the vendor's lien to appellants. In that instrument the vendor's lien reserved in the deed was fully cancelled and released and the superior title to the land vested in appellants. It does not matter that appellants may have agreed to afterwards give another note for the purchase money to appellee, the title was conveyed to them by the release, and they actually conveyed the land by mortgage to a third party. In the new note prepared for appellants to sign, no express lien is retained, and from that it may be reasonably inferred that the parties did not intend that the express lien should ever be renewed. After the release was executed and delivered to appellants the superior title to the land had passed out of appellee into appellants, and appellee had nothing except his lien for the purchase money. It follows that the

court did not err in refusing to decree the land to appellee. This view of the case disposes of the assignments of error presented by appellee.

The contention of appellants to the effect that the court erred in rendering judgment for the purchase money and decreeing a foreclosure of the vendor's lien, can not be sustained. The facts in regard to the sale of the land and the existence of unpaid purchase money were not only fully pleaded by appellee, but were fully admitted by appellants both in their pleadings and evidence. That the debt existed was never denied by them, and their only contention was that payment of the debt should not be exacted until a certain mortgage on the land was paid off and discharged. The admission as to the justness of the debt deprives the contention that the note was destroyed by the execution of the release of any merit. It is true that the release of the vendor's lien recites that the note had been paid, but appellants admit that this recital was untrue and that it had not been paid. The note was properly admitted in evidence.

There is no merit in the contention of appellants that the deed executed by appellee and wife, which was acknowledged on March 12, 1895, should not have been admitted in evidence. Whether it was really executed in 1893, or was executed on March 12, 1895, and dated back, would not impair its vitality, because it was accepted by appellants and is referred to as retaining a vendor's lien in the release accepted by appellants. Its introduction in evidence could not have injured appellants in any event, because it did not add anything to the fact that appellants owed appellee for purchase money due on the land and refused to pay it. This court has exercised great liberality in considering the two assignments of error in regard to the admission of evidence, as neither is supported by a proper bill of exceptions, and slight regard is paid to the rules in regard to briefing the matters raised by them.

The facts pleaded by appellee were sufficient to justify the judgment for the note and accrued interest, but under the rulings of the Supreme Court did not justify a judgment for attorney's fees because it was not alleged that the note had been placed in the hands of an attorney for collection. Maddox v. Craig, 80 Texas, 601. The allegations of appellants would support a judgment in favor of appellee for the principal and interest.

Whatever rights appellants may have had in regard to the postponement of payment of the debt until after the cancellation of the outstanding mortgage, when they assumed to extend the time of payment of the mortgage and executed a new mortgage on the land without the knowledge or consent of appellee they made the debt theirs and paid off the original mortgage in their own way. They might extend time of payment of the mortgage debt to suit their own desires, but they could not thereby prevent appellee from the collection of his debt.

The judgment will be reformed so as to eliminate the amount for attorney's fees, and as reformed will be affirmed.

*Reformed and affirmed.*

Writ of error refused.