GARVIN et ux. v. GARVIN et al. (No. 1621.)

(Court of Civil Appeals of Texas. Texarkana. June 15, 1916.)

1. VENDOR AND PURCHASER ☞269—DEFAULT JUDGMENT—REMEDIES OF VENDOR.

When a purchaser of land defaults in the payment of the purchase price, the vendor may elect to sue on the note and foreclose his lien, or to sue for the land itself.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 759–763; Dec. Dig. ☞269.]

2. VENDOR AND PURCHASER ☞280(1) — DEFAULT PURCHASER—REMEDIES OF VENDOR—ELECTION.

A suit to foreclose a vendor's lien for the unpaid purchase price of land is not such an election of remedies as will prevent the vendor from amending his petition and asking for a recovery of the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 784, 785, 789; Dec. Dig. ☞280(1).]

3. VENDOR AND PURCHASER ☞299(3)—PURCHASER'S DEFAULT—REMEDIES OF VENDOR—PLEADING.

The vendor's right to recover land for the purchaser's default in the payment of the purchase price is not dependent on a plea of limitations by the purchaser to a recovery on the purchase-money note, and therefore the purchaser may withdraw the plea of limitation and plead facts showing himself entitled to retain the land by paying the balance due thereon.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 841; Dec. Dig. ☞299(3).]

4. VENDOR AND PURCHASER ☞299(3) — DEFAULT JUDGMENT—REMEDIES OF VENDOR—PLEADING.

In an action by vendor for the recovery of land, evidence *held* sufficient to sustain a finding that conveyance by vendor was not in trust and that default of purchaser was made under such circumstances as would entitle the vendor to a foreclosure for the amount due, but not a recovery of the land.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 841; Dec. Dig. ☞299(3).]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by Patrick Garvin and wife against Joseph L. Garvin and others. From a judgment for plaintiffs, both plaintiffs and defendants appeal. Affirmed.

Patrick Garvin was the owner of 255⅝ acres of land, and he, joined in the deed by his wife, conveyed the tract of land to the appellee, their son, on June 15, 1895. The deed is in ordinary form, and recites the consideration to be the assumption of an outstanding vendor's lien note in favor of Chas. H. Allyn, and a further sum of $2,280.80 evidenced by a note payable 12 years after date of the deed. A vendor's lien is expressly reserved in the deed to secure the payment of the purchase money. On February 21, 1914, the appellants brought the suit, alleging that the title was conveyed to Joseph L. Garvin in trust, in order that he might manage and control the property, and they prayed that the legal title be placed in them and divest-

ed out of the defendant, and that the defendant be declared as trustee holding the title for them. In the alternative the plaintiffs alleged that they executed to the defendant a deed to the land, and stated the consideration, and that the defendant had failed to pay same; and asked for judgment for the land or, in the alternative, for the amount of the note, interest, and attorney's fees and a foreclosure of the vendor's lien note. Plaintiffs in paragraph 9 of their supplemental petition withdrew the alternative pleading for foreclosure of the lien and order of sale. Defendant by answer alleged that the deed was made and delivered as a conveyance of bargain and sale, and admitted that he executed the note as a part of the consideration, but denied that the note should bear any interest before maturity. Defendant further denied that he had failed and refused to pay the note, but on the other hand, he says, he paid large amounts on the note for the support and maintenance of plaintiffs by agreement to that effect. The defendant averred that, if it be determined that he owes plaintiffs anything, he is ready and willing and offers to pay same. It is not material to set out further matters pleaded by appellants and appellee in supplemental petition.

The case was tried on special issues. The jury made the findings that the deed from the plaintiffs to the defendant was intended as a conveyance of the property, and was a fee-simple deed, and was not made and delivered upon trust; that the plaintiffs after the deed was delivered did not continue to occupy and possess the land, or claim the same in their own right, but that plaintiffs' occupancy was by permission of the defendant, and in recognition of his title and ownership. The jury further found that the amount due and unpaid to C. H. Allyn was $880.40, and that the defendant owed on his own note the sum of $2,289.90, but that the defendant had paid the interest on the $2,289.90 to date of trial by the support and maintenance of the plaintiffs. The jury further found that it was not agreed that the defendant should have credit on his $2,289.90 note for the support and maintenance of the plaintiffs; that the defendant had not paid any more than the amount of interest on the note, and that he owed the principal sum of the note and the attorney's fees. The evidence supports these findings of the jury, and such findings are here adopted.

Richard Mays, of Corsicana, for appellants. Callicutt & Johnson, E. O. Call, and L. B. Cobb, all of Corsicana, for appellees.

LEVY, J. (after stating the facts as above). [1] Appellants insist that they were entitled to have a judgment for the land itself, and that it was error to award a foreclosure of the vendor's lien. The defendant pleaded the statutes of four years' limitation; and the

plaintiffs in their supplemental petition, paragraph 9, withdrew the alternative plea of their petition to have foreclosure of the vendor's lien. The defendant afterwards, by consent of the court, withdrew and abandoned the plea of limitation. The court did not, we think, err in this respect. When the purchaser has made default in the payment of the purchase price of land, the vendor has the election of suing on the note and to foreclose his lien, or to sue for the land itself. Branch v. Taylor, 40 Tex. Civ. App. 248, 89 S. W. 813.

[2, 3] And it has been decided that suing to foreclose a vendor's lien is not such an election of remedy as prevents the vendor from amending his petition and asking for a recovery of the land. Cattle & Pasture Co. v. Boon, 73 Tex. 548, 11 S. W. 544. It is not, therefore, necessary to the vendor's right to recover the land that the vendee first plead the statute of limitation to the purchase-money note. It is merely inequitable to allow the purchaser to have the land and not pay for it, and that is the only force of a plea of limitation against the purchase-money note. Consequently the appellee's plea of limitation against the note may, by consent of the court, as was done here, be by him withdrawn and abandoned; and such withdrawal and abandonment would not work, it is believed, any injury to the legal rights of the appellants. And the appellants may not predicate the right to recover the land, for a court of equity may not enforce the right on the part of the vendor to rescind and recover the land, if there be pleading and facts, as here, which make it inequitable so to do. In this case, the appellee pleaded payment of the purchase-money note, and—

"prays the court to find that said note has been long since paid off and discharged; but if there be anything remaining on said note after allowing all of the credits to which this defendant is entitled, and which may be shown by the testimony, that this defendant is ready and willing to pay the plaintiffs whatever amount may be found by the court to be due to them, if any."

[4] And while there was testimony on appellants' part, going to show an agreement supporting his answer of payment in kind of the note, the appellee denied such agreement and the jury found against the defendant's contention. Thus the appellee's act of default in the payment of the note, occasioned by his understanding respecting an agreement of payment, was not inconsistent with an intention on his part to be further bound by the terms of the sale of the land. And the trial court decided that under such circumstances the contract of sale may not be treated as rescinded and the appellee deprived of the land, but that the appellants may have the remedy of foreclosure and sale of the land if the appellee did not pay off his land note. Therefore the judgment of foreclosure could properly be referred, we think, to the pleading of and the facts offered by appellee in respect to the cause of the default of payment of the notes. It is sufficient to support the judgment of foreclosure.

We have considered all the assignments of error presented by the appellants, and think they should be overruled.

The appellee filed cross-assignments of error, which we have considered, and conclude that reversible error is not presented, and overrule them.

The judgment is affirmed.