### TORRES et ux. v. BLACK et al.

### No. 3731.

Court of Civil Appeals of Texas. El Paso.

Oct. 13, 1938.

Rehearing Denied Nov. 3, 1938.

Esir Tobolowsky and J. P. Miller, both of Dallas, for appellants.

Geo. T. Burgess, of Dallas, for appellees.

NEALON, Chief Justice.

B. T. Torres and wife sued Sadie Black and Louis Black and sought an injunction to prevent a trustee's sale of certain land in the City of Dallas, prayed for the cancellation of certain notes secured by the deed of trust which was in process of being foreclosed, for the removal of cloud from title to the land, and for an accounting. Louis Black, who was substitute trustee appointed by Sadie Black, had posted notices of a proposed sale of the property by virtue of a power contained in the deed of trust executed by Torres. Plaintiffs prayed that they be allowed to pay the defendant any amount that might be due Sadie Black after all prior payments had been credited, but made no tender of payment. The defendant Sadie Black, a feme sole, filed a general denial and, among other defenses, pleaded specially that she was in possession of the property by "virtue of the superior title and vendor's lien retained to secure the purchase money notes which were past due and unpaid," and that consequently plaintiffs had no right to recover, unless they paid the amounts due upon said notes, together with amounts defendant had expended for maintenance and upkeep of the property and for taxes. By way of cross-action she pleaded in trespass to try title, and in the alternative for judgment for her debt and foreclosure of her lien. The court instructed a verdict in favor of defendant upon her cross-action for title and possession of the property. Judgment in conformity to the verdict was rendered. From this judgment plaintiffs appeal.

From the statement of facts it appears that on April 3, 1925, appellee and husband, H. Black, by deed of that date conveyed the property in controversy to appellant B. Torres, taking therefor his part payment promissory note in the amount of $1825 payable to the order of H. Black in monthly installments of $15 each, with interest at eight percent per annum; the first installment payable on or before one month after date, and the remaining installments one month apart thereafter, retaining in the deed an express vendor's lien to secure the payment of the note. Said deed also recited that said note was secured by a deed of trust executed by B. Torres and in which A. H. McCullough was named trustee. H. Black and his wife, Sadie Black, were divorced September 8, 1928. H. Black endorsed and assigned the note to Sadie Black.

On December 14, 1927, the note being in default both as to matured installments of principal and interest, B. Torres conveyed the property to Sadie Black by quitclaim deed. The recited consideration was the cancellation of the note for $1825. The wife of Torres did not join in the conveyance, though the property was then the homestead of Torres and wife. On the same day Sadie Black, joined by H. Black, again conveyed the property to B. Torres, reciting a consideration of $100 cash and two notes, payable to Sadie Black, one in the sum of $1000, due in three years from its date, and the other in the principal sum of $1075, payable in monthly installments of $15 each, the first installment being due on or before January 1, 1928, and the remaining installments being payable a month apart thereafter. This deed did not reserve an express vendor's lien, though each of the notes recited that a vendor's lien was retained in said deed. Separate deeds of trust were executed to secure the pay-

ment of said notes under the terms of which the note for $1000 was secured by a first lien and the installment note was secured by a second lien. The deed of trust securing the installment note provided no procedure to be followed in appointing a substitute trustee.

Black testified without contradiction that Torres moved out of the house in 1927 or 1928 and went to Houston, saying "I am going to give the house up." When Torres and wife vacated the property in either 1927 or 1928, the evidence leaving the date uncertain, appellee Sadie Black took possession and remained in possession until the time of trial, renting the property, expending small sums for repairs and paying the taxes. However, her agent rendered the property for taxation in the name of Torres and even claimed the homestead exemption in behalf of Torres. The amounts collected for rent were not sufficient to pay interest and taxes, and no payments of principal were made.

### Opinion.

It sufficiently appears from the evidence that defendant, the owner of the superior title by virtue of the vendor's lien retained in the note payable to her, elected at the time of trial, if not earlier, to rescind the sale on account of the defaults of plaintiff B. T. Torres. In such a situation, under the facts stated, the only remedy of Torres and wife, whose debt was long delinquent, was to pay principal and interest. This payment they did not tender. The court, therefore, correctly instructed a verdict in favor of defendant Sadie Black, she being both the legal and beneficial owner of the superior title. Bunn v. City of Laredo, Tex.Com.App., 245 S.W. 426, 427; Benn v. Security Realty & Development Co., Tex.Civ.App., 54 S.W.2d 146.

The contention that the quitclaim deed from Torres to Sadie Black was void because the wife was not joined therein is not tenable. The deed on its face was executed to satisfy the purchase money debt which was long past due and which Torres and wife were unable to pay. No fraud upon the part of Torres or of Mr. or Mrs. Black was shown, and the deed was valid. Cooper v. Hinman, Tex.Com.App., 235 S. W. 564, and cases cited; White v. Shepperd, 16 Tex. 163, 172; Clements v. Lacy, 51 Tex. 150.

Nor is there any merit in appellants' contention that because the deed re-

tained no express vendor's lien the superior title was not retained. The notes recited that the deed retained the vendor's lien to secure their payment. This was equivalent to reserving the lien in the notes; and, as between the parties, is as effective to retain superior title in the vendor as if it were incorporated in the deed. Walkup v. Stone, Tex.Civ.App., 73 S.W.2d 912; McKelvain v. Allen, 58 Tex. 383; New England Loan & Trust Co. v. Willis, 19 Tex. Civ.App. 128, 47 S.W. 389.

We find no reversible error in the record. All assignments of error are overruled. The judgment of the trial court is affirmed.