## YOUNG v. HARBIN CITRUS GROVES, Inc., et al.

No. 10389.

Court of Civil Appeals of Texas. San Antonio.

June 14, 1939.

Rehearing Denied July 12, 1939.

Jesse G. Foster, of Raymondville, for appellant Young.

S. L. Gill, of Raymondville, for appellant·Harbin.

West & Hightower, of Brownsville, and Smithdeal, Shook & Leftwitz and J. L. Shook, all of Dallas, for appellees.

SLATTON, Justice.

Suit was instituted on the 6th day of May, 1935, by Harbin Citrus Groves, Inc., et al., against Chas. N. Young et al., for the purpose of restraining the sale of described land by a trustee named in a deed of trust. Thereafter Chas. N. Young filed suit against William S. West, trustee, and W. H. Shook, to restrain the trustee from selling said land under the powers contained in a deed of trust. The trial court granted both injunctions.

The pleadings of the parties in the two actions developed, by amendments, into an action of trespass to try title. The actions were by agreement consolidated. A trial of the consolidated actions to the court resulted in a judgment in favor of W. H. Shook against J. H. Harbin, T. H. Harbin, Harbin Citrus Groves, Inc., Chas. N. Young and Wm. S. West, individually and as trustee for the land, fully described, containing 375.45 acres; and a judgment in favor of Chas. N. Young against J. H. Harbin in the sum of $7242.20, with interest from date of judgment. Shook recovered his costs against Young, and Young recovered his costs against J. H. Harbin. Findings of fact and conclusions of law were filed by the trial court. Young and Harbin have appealed.

Mrs. Alberta B. Young, a widow, is the common source of title. Mrs. Young, on July 8, 1929, executed and delivered a general warranty deed to the land in suit to J. H. Harbin, which was filed for record March 6, 1933. The deed recited "and for the further consideration of $14281.50, evidenced by five certain promissory vendor's lien notes, Nos. 1 to 5 inclusive, each for the sum of $2856.30, dated same as deed, due on or before one to five years after date, made by J. H. Harbin, payable to me, each note reciting the same to be given in part payment of the purchase price." The deed contained the usual express retention of the vendor's lien until all the notes were paid. The deed further recited that the grantee was on the same day conveying the land to West, as trustee, to further secure the payment of said notes.

On August 19, 1929, Mrs. Young, by a written instrument, which was filed for record August 26, 1929, transferred said notes to the Merchants National Bank of Brownsville, as collateral security for indebtedness owing by her to the Bank. Thereafter, the Bank became insolvent and was placed in the hands of a receiver, Ben Freudenstein. On the 15th of August, 1935, the Bank, through its receiver, reconveyed to Mrs. Young the right, title and interest it had in the notes, by an instrument in writing, which was recorded on the 20th day of September, 1935.

On December 1, 1931, Mrs. Young and J. H. Harbin executed an extension agreement to all of the notes, except No. 1, which had been paid, to dates beginning on December 1, 1932, to December 1, 1937. The instrument was recorded February 2, 1932.

On August 15, 1935, Mrs. Young conveyed to W. H. Shook the vendor's lien notes and the liens securing the same, which instrument was recorded on September 23, 1935. Such instrument recited the payment of note No. 1, and showed the others to be due, except $135.62 had been paid February 13, 1933, and $141.78, on December 28, 1933. Shook paid a valuable consideration for said notes and liens.

On April 18, 1931, T. H. Harbin and J. H. Harbin executed and delivered to the First National Bank of Raymondville their note in the sum of $4,000, and delivered a deed of trust to said Bank to secure such note, which deed of trust was filed for record on the 12th day of May, 1931.

On May 1, 1933, J. H. Harbin conveyed the land in suit to Harbin Citrus Groves, Inc., which was recorded on May 5, 1933, subject to an indebtedness due the Young estate, Cameron County, Texas, and $3,250 payable to the Bank (situated at Raymondville).

On February 24, 1934, T. H. Harbin and J. H. Harbin conveyed the land to Craig, trustee, by another deed of trust, securing a renewal note for $3,250, due June 26, 1934, and being the balance of the $4,000 due the Raymondville Bank.

On December 27, 1933, First National Bank of Raymondville conveyed the note of $3,250 and deed of trust lien securing the same, to the Valley Loan & Trust Company, which instrument was recorded on the same date. This note and lien were conveyed to the Reconstruction Finance Corporation and back to the Valley Loan & Trust Company, and by it to Chas. N. Young, which instruments were promptly recorded, the date of the last named being August 20, 1934.

We shall make other statements from the record, if necessary, in order that our rulings may be understood.

■ Young contends that Shook cannot rely upon his superior title which was acquired after the suits were filed. We overrule this contention upon the authority of the case of Ballard v. Carmichael, 83 Tex. 355, 18 S.W. 734, Supreme Court.

■ Young contends that Shook cannot recover in trespass to try title where it appears that payments on the notes have been waived and lesser amounts accepted, without a showing of his right to declare a forfeiture by notice to the purchaser fixing a new time for payment, and that he must restore the purchase money he or his predecessors in title have received, or show some reasons in equity why he should not be required to do so. We overrule these contentions upon the authority of Branch v. Taylor, 40 Tex.Civ.App. 248, 89 S.W. 813, 815, writ refused.

In that case it is said: "This is a suit to recover land to which appellee had the superior title by reason of the vendor's lien being expressly retained in the note executed by appellants as well as in the deed executed by appellee and his wife. It was not an attempt to rescind the contract and the rules applied to suits of that character have no application to this suit. When there is default in payment of the

purchase money due for land the vendor, who has reserved in the note or deed a vendor's lien in express terms, has the election of suing on the note and to foreclose his lien or to sue for the land itself, and in the last case he is not compelled, in order to recover the land, to refund any purchase money that may have been paid by the vendee. McKelvain v. Allen, 58 Tex. 383; Lundy v. Pierson, 67 Tex. 233, 2 S.W. 737; White v. Cole, 87 Tex. 500, 29 S.W. 759; Anderson v. Silliman, 92 Tex. 560, 50 S.W. 576; [Stone Land and] Cattle Co. v. Boon, 73 Tex. [548], 555, 11 S.W. 544; Pierce v. Moreman, 84 Tex. [596], 601, 20 S.W. 821; Walsh v. Ford, 27 Tex.Civ.App. 573, 66 S.W. 854."

Young contends that Shook cannot recover the land because of the following reservation contained in the deed from Mrs. Young to Harbin: "grantor herein will within a reasonable time from the date of this conveyance map, plat and subdivide the land herein conveyed * * * etc." in the absence of evidence showing a performance upon his part or by his predecessors in title.

The deed and the deed of trust under the circumstances of this case must be construed together to arrive at the contract of the parties. The provision cannot be construed to be a condition precedent because the title vests under the deed, subject only to the vendor's lien. 14 Tex. Jur. § 105, p. 880. Such provision cannot be construed to be a condition subsequent, because it would not defeat the title of the grantee under the deed. 14 Tex.Jur., § 105, p. 880. If such provision be a covenant by the grantor, the same does not run with the land, and would not bind Shook, an assignee. 12 Tex.Jur., § 33, p. 51. If the same be construed to be a warranty, the breach thereof would only give rise to a cause of action in favor of the owner of the land. 12 Tex.Jur., § 43, p. 65; Warren v. Houston Oil Co., Tex.Civ.App., 296 S.W. 637.

Moreover, in no event would the breach of such condition entitle either the grantee or his assignees to hold the land without the payment of the purchase money.

Young insists that Shook is not entitled to recover the land in virtue of vendor's lien notes reserved in a deed recorded March 6, 1933, because of his deed of trust lien created April 18, 1931. Mrs. Young was the common source of title by agreement of the parties. This being true, under the holding of our Supreme Court in the case of Gilbough v. Runge, 99 Tex. 539, 91 S.W. 566, 122 Am.St.Rep. 659, we must overrule this contention.

Young contends that Shook is not entitled to recover the land because of the extension agreement made by the maker of the notes and the vendor previous to the time that Shook acquired the notes. The extension agreement was binding upon Young, a junior lienholder. Novosad v. Svrcek, Tex.Civ.App., 129 Tex. 34, 102 S.W.2d 393; Bellah v. Dennis, 129 Tex. 367, 104 S.W.2d 490.

Young, by his seventh proposition, contends that Shook and his predecessors in title permitted the makers of the vendor's lien notes to delay prompt payment of money due thereon, therefore is not entitled to rescind the executory contract. The purchase money notes not being barred by the statute of limitation, the delays in demanding prompt payment did not deprive Shook, the holder, of compelling either the performance of the contract by the payment of the balance of the purchase money due or the return of the land. Harris v. Catlin, 53 Tex. 1, and authorities cited supra.

Young contends through his eighth, ninth and tenth propositions that Shook cannot rescind the executory contract and recover the land, because the purchase money notes were obtained for a sum not exceeding $7,500, and the land being valued in the deed from Mrs. Young to Harbin at $75 per acre and has increased in value since said deed.

The trial court found that the agreed purchase price for the land in question was $14,281.50, and that when the case was tried there was in excess of $20,000 unpaid on the purchase money notes; that no evidence was offered upon the trial of this cause as to the value of the land or as to any improvements thereon. It was also found by the trial court that neither party to the suit offered to pay the vendor's lien debt, either by pleading or otherwise. The case of Stone Land & Cattle Co. v. Boon, 73 Tex. 548, 11 S.W. 544, sustains the right of Shook to recover the land in this suit.

By the eleventh proposition Young contends that he was entitled to a foreclosure against all parties to this suit of tax liens obtained by him in virtue of the payment of taxes due upon the land to Wil-

lacy County Water Control and Improvement District No. 1, for the years 1930–1933, inclusive, which were paid on the 8th day of October, 1934.

The trial court found that Chas. N. Young was not requested by the Harbin Citrus Growers, Inc., the owner of the land, subject to the vendor's lien and superior title on October 8, 1934, to pay the taxes, or any part of the same, but that the same were paid without the consent and against the will of the said owner.

We are of the opinion that since the enactment of S.B. 4, Chapter 98, p. 271, § 7, First Called Session of the 43d Legislature, and under the quoted finding of the trial court, Chas. N. Young is not entitled to a foreclosure of a tax lien against Shook.

Young contends by the 12th proposition that his deed of trust lien is superior to the vendor's lien held by Shook, because his deed of trust lien was recorded May 12, 1931, and the lien of Shook being recorded July 15, 1937.

The lien of Chas. N. Young being created by a deed of trust executed by J. H. Harbin and the vendor's lien purchase money notes of Shook being created and fully described in the deed of said Harbin, the mortgagee was charged with notice of said vendor's lien notes, without Harbin's deed being recorded. Authorities above cited.

By the thirteenth proposition Young contends that T. H. Harbin paid $1,000 of the purchase money of the vendor's lien notes held by Shook and Harbin being one of the makers of his note, Young is entitled to foreclose his lien against Harbin's one-seventh interest in the land.

A sufficient answer to this contention is that the trial court found that Shook paid all of the consideration for the vendor's lien notes and lien securing the same, and that Harbin did not have any interest in any of said notes. The evidence supports these findings.

By the fourteenth proposition Young complains of the failure of the trial court to grant him judgment against L. D. Snow and W. D. Sharp, sureties upon the injunction bond of Harbin Citrus Groves, Inc., J. H. Harbin and T. H. Harbin.

The appellant in presenting this proposition does not give a sufficient statement from the record to show that he was entitled to such relief; hence it is overruled.

By the fifteenth proposition Young complains of the judgment in favor of Shook because the superior title of Shook was obtained long after the two suits were filed and consolidated. Authorities above cited and the case of McLane v. Paschal, 62 Tex. 102, require us to overrule this proposition.

Appellant Young's sixteenth proposition is ruled by our disposition of his eleventh proposition.

Young, by his seventeenth proposition, complains of the finding made by the trial court that the coupons which he used in the payment of taxes to the District were obtained for the sum of fifteen cents on the dollar. The finding of the trial court in this regard becomes immaterial, because of other rulings which we shall hereafter make in the disposition of the appeal.

Appellant Young's eighteenth proposition has been determined against him by our ruling on his thirteenth proposition.

By the nineteenth proposition Young contends that the evidence shows, as a matter of law, a collusion between his adverse parties to this record to defeat him of his deed of trust lien against the land in suit.

Appellant's statement attempting to support this contention in his brief is insufficient to show a collusion between the parties as a matter of law. Moreover, the trial court found facts, and we find them to be supported by the evidence, which refute the claim that said parties acted in concert to defeat the claim asserted by Young.

Young contends by the twentieth proposition that the trial court erred in overruling his general demurrer to Shook's pleadings. The count upon which Shook was given a recovery of the land was in the statutory form of trespass to try title. We are of the opinion that such pleading is good against a general demurrer.

The appeal of J. H. Harbin complains of that part of the judgment against him in the sum of $2,312.55, which represents taxes, interest, penalties and attorney's fees due to the Willacy County Water Control & Improvement District No. 1, for the years 1930, 1931, 1932, and 1933, claimed to have been paid by Chas. N. Young on October 8, 1934, by the surrender of bonds or coupons of said District, in an amount so that the face value of the bonds with the sum of $185 in cash

amounted to the sum stated in the tax receipts. Inasmuch as the trial court found that the transfer of the note and deed of trust lien was delivered to Chas. N. Young on the 9th day of October, 1934, and the payment of such taxes was made by Young before he became a mortgagee of the land upon which the taxes were due, the trial court undoubtedly was of the opinion that Harbin obligated himself to become personally liable for the payment of the taxes under the terms of the deed of trust.

The deed of trust lien and the note secured thereby were transferred to Chas. N. Young by the Valley Loan & Trust Co., and said deed of trust provides, with reference to taxes, as follows: "It being understood that when default shall be made in the payment of any of said notes or any installment of interest on said note or failure to pay any State, County or City taxes assessed upon said property, after the same by law becomes delinquent * * shall become at once due at the option of the holders thereof." Such instrument did not obligate J. H. Harbin to pay the taxes here involved.

It is true that J. H. Harbin, by the deed of trust dated April 8, 1931, obligated himself to pay all lawful tax assessments and provided that if he failed to pay same, "that the holder of said note may pay the same and such payment shall be considered as a part of the expenses of the execution of this trust and paid as such out of the proceeds of the sale of said premises hereby conveyed." However, such deed of trust was between the parties to it, and before Chas. N. Young obtained any interest in the note and lien superseded by the second deed of trust aforesaid, which second deed of trust was assigned to Young.

Therefore, Chas. N. Young has, under the facts of this case, no greater right than a mortgagee who has paid taxes for the protection of his security and thereby entitled to collect such taxes as a part of his lien upon the land. He is not entitled to a personal judgment against Harbin for the amount of such taxes. Stone v. Tilley, 100 Tex. 487, 101 S.W. 201, 10 L.R.A., N.S., 678, 123 Am.St.Rep. 819, 15 Ann.Cas. 524.

From what we have said it follows that the judgment rendered by the trial court is correct and must be affirmed, except that part of the judgment against J. H. Harbin in favor of Young is erroneous to the extent of $2312.55; such judgment against Harbin in favor of Young will be reformed and reduced to the sum of $4929.65 as of the date of entry by the trial court. The costs are adjudged against Young.

Reformed and Affirmed.